■ In the Matter of BETTY HALLEY, Individually, and on Behalf of JANIE HALLEY and Others, Infants, Petitioner, v ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.— Proceeding pursuant to CPLR article 78 to annul a determination of the Department of Social Services of the State of New York, dated September 20, 1973 and made after a fair hearing, which affirmed a determination of the Department of Social Services of Westchester County to reduce petition-

er's monthly family public assistance grant in order to recover an alleged overpayment. Petition granted to the extent that the determination of the Department of Social Services of the State of New York is annulled, on the law, without costs, and the matter is remanded to that department for reconsideration in conformity with the views expressed herein. It is undisputed that the determination of the State commissioner was rendered before a verbatim transcript of the hearing was made available to him, and his counsel argues on this appeal that due process requires only that an official report by the hearing officer be made available to the commissioner before he makes his determination. However, a decision cannot be rendered properly by the commissioner of the State agency on the basis of evidence elicited at a hearing before another person, when the commissioner does not have available to him an exact rendition of the testimony at the hearing (cf. *Matter of Taub v Pirnie,* 3 NY2d 188, 193–194; *Matter of Kelly v Monaghan,* 9 AD2d 92). We do not reach the question of whether the recent amendment of the relevant State regulation (18 NYCRR 358.18[a]) to conform to the language of its Federal counterpart (45 CFR 205.10[a] [14]) impairs due process protection. Petitioner also contends that the fair hearing decision was affected by an error of law in that the regulation on which it is based (18 NYCRR 348.4[b]) allegedly violates the purposes and requirements of the Social Security Act. Certain infirmities in the regulation have been found to exist. Although Federal regulations specifically permit States to recoup from currently available income or resources and assistance benefits, there is a prescription that "reasonable limits" be set on the proportion of the benefits suspended and that the States avoid causing undue hardship (45 CFR 233.20[a][12][i][c][d]). In *Matter of Taylor v Fahey* (79 Misc 2d 22, 24) the court found that this regulation (18 NYCRR 348.4[b]) violated the specific commands of the Federal regulations because it "makes no provision for establishing the deletion of a reasonable proportion of current assistance payments and does not take into account the undue hardship which results from the deletion of an amount of overpayment as recoupment." However, since the administrative determination in the case at bar, the aforecited State recoupment regulation has been eliminated and a new regulation (18 NYCRR 352.31[d]) has been added which presumably corrects the infirmities previously found in the recoupment scheme. Consequently, the respondent State commissioner should be given the opportunity to reconsider his decision in accordance with the administrative regulations as they have been amended. Rabin, Acting P. J., Hopkins, Brennan, Munder and Shapiro, JJ., concur.