Gabrielli, J.
The petitioner and his family were recipients of a grant of home relief, a State-funded social welfare program providing cash assistance to persons ineligible for federally funded programs. In October, 1974 petitioner received two reduction notices from the Commissioner of the New York City Department of Social Services advising him that his public assistance grant would be reduced by $43.37 biweekly for the purpose of recouping money advanced to cover rent arrearages and thereby prevent eviction and, additionally, by $39.60 biweekly because petitioner had concealed unemployment insurance income in the past.
The petitioner challenged the amount of money being recouped by these deductions from his home relief grant and a fair hearing was held in March, 1975. The hearing officer found that petitioner had received unemployment insurance benefits in the amount of $1,426 which he failed to report to the Department of Social Services and that, pursuant to section 352.31 (d) (2) of the regulations of the Department of Social Services (18 NYCRR 352.31 [d]), overpayments occasioned by "a recipient’s willful withholding of information concerning his income, resources or other circumstances which may have affected the amount of the public assistance payment” should be recouped from current assistance grants "irrespective of current income and resources.” But the amount of recoupment is limited by subdivision (4) of that section which provides that "the proportion of the current assistance grant that may be deducted for recoupment purposes shall be limited on a case-by-case basis so as not to cause undue hardship, and in no case shall exceed 10 percent of the household needs and shall continue until such time as the excess payments have been recovered, except that where two or more recoupments are made simultaneously for different reasons or arising from different circumstances, the total • reduction in the assistance grant shall not exceed 15 percent of the household’s needs” (emphasis added). In compliance *727 with this regulation, the hearing officer reduced recoupment of unreported income to $16.50 biweekly which represented 10% of the household needs.
The hearing officer also found that the department had made an advance in shelter allowance of $520 to prevent eviction for which a grant had previously been provided and that the recoupment at the rate of $43.37 biweekly was valid under section 352.7 (g) (7) of the regulations of the Department of Social Services which states: "For a recipient of public assistance who is being evicted for nonpayment of rent for which a grant has been previously issued, an advance allowance may be provided upon request to prevent eviction or to rehouse the family. Such an allowance may be provided only where the recipient has made a request in writing that his grant be reduced in equal amounts over the next six months to repay the amount of the advance allowance.” The limitations on recoupment found in section 352.31 (d) (4) were declared inapplicable to recovery of the advance shelter allowance.
In this article 78 proceeding the petitioner challenges this decision on the ground that the recoupment limtations should be applicable and that there was a denial of equal protection created by an unfair distinction between types of overpayment. Special Term dismissed the petition, upholding the decision of the hearing officer. The Appellate Division reversed stating that "There appears to be no rational basis for placing percentage limitations upon the amount of money that might be recouped from a recipient guilty of fraudulently withholding information as to other income without placing similar limitations upon recoupment from a person who simply mismanaged funds.”
The petitioner’s contention that the limitations on recoupment set out in section 352.31 (d) (4) are applicable to recoupment for shelter allowance advances should be sustained. The purpose of home relief is to supply funds for the maintenance and need of an individual or family and to cover the costs of suitable training to enable a person to become self-supporting (Social Services Law, § 157). The grants are based on a determination of minimum level subsistence which in this case amounted to $165 biweekly for a family of three, including a shelter allowance of $130 per month. The family was granted approximately $310 per month of which $130 is allocated to rent, leaving only $180 for other expenses including food, heat *728 and clothing. The Department of Social Services authorized a reduction of this subsistence allowance by $16.50 biweekly for income recoupment and $43.37 biweekly for advance shelter allowance recoupment for a total of approximately $120 per month. Such a reduction would leave this husband, wife and child with approximately $60 per month for living expenses other than rent and make a mockery of the valid social purpose behind home relief.
Section 352.31 (d) (4) provides that recoupment "shall be limited on a case-by-case basis so as not to cause undue hardship”. Where the amount of a grant is determined on a subsistence level, there is an inevitable presence of hardship in any reduction of benefits. In this case the reduction cuts the grant by 36% and it cannot be seriously disputed that this creates an undue hardship. The regulation establishes a maximum level beyond which undue hardship necessarily results at 10% of the household needs or, where "two or more recoupments are made simultaneously for different reasons”, at 15% of the household needs. A reduction of 36% far exceeds these limitations and may not be countenanced.
The appellants argue that recoupment of a shelter allowance advance is based on a separate, voluntary agreement with the recipient and is not governed by the above limitations. It is true that when the shelter allowance advance was made the recipient was required to sign an agreement to repay within six months, pursuant to section 352.7 (g) (7) of the regulation. The question is whether this agreement is actually voluntary and thus enforceable or whether it is involuntary and constitutes recoupment by the Department of Social Services which is subject to the limitations of section 352.31 (d) (4). Such an agreement cannot be binding unless it is voluntarily entered into and we believe that under these circumstances it was not. For this recoupment agreement to be considered voluntary it must be both knowingly and willingly made. It is true that the recipient’s consent is knowingly made because he must be deemed to be aware of the consequences of his consent. But it cannot be considered willingly made. An advance shelter allowance is paid only to prevent eviction or rehouse the family after eviction. Thus the recipient and his family must choose between disruption of their home life through eviction and an agreement mandating recoupment in six months. Such alternatives do not permit a free and willing decision. This alleged choice is even less *729 convincing when we realize that it is not only the recipient who is adversely affected but also his wife and family. The potential disruption of home life takes on a coercive nature when the recipient has a wife and child to care for. Thus the recoupment cannot be considered voluntary in this case.
We do not hold that recoupment of a shelter allowance is invalid but only that, under these circumstances, recoupment from the public assistance grant in excess of 15% creates an undue hardship which contravenes the spirit and intent of section 352.31 (d) (4) of the regulations of the Department of Social Services (Matter of Dunn v Bates, 50 AD2d 561; Matter of Ford v Dumpson, 47 AD2d 621). Where recoupment is made from the public assistance allowance, there must be a limitation on the amount so as to avoid undue hardship.
Where recoupment is made from federally funded programs, it is likewise restricted so as not to cause undue hardship (45 CFR 233.20 [f]). Our State regulations parallel this restriction and extend to both State and federally funded programs in New York.
Our regulations provide that where a recipient willfully and fraudulently withholds income information so that he receives a higher grant than he is entitled, recoupment is limited on a case-by-case basis to avoid undue hardship. Separate criminal sanctions are available to punish a wrong which warrants such action (Social Services Law, § 145). Where fraud results only in limited recoupment it is unreasonable and inconsistent with the regulations to permit a greater recoupment for shelter allowance advances. Both fraud and shelter allowance advances provide the recipient with greater benefits than he is entitled and thus recoupment is proper, but only within the established limitations.
We find that the recoupment provisions of section 352.7 (g) (7) are valid but only to the extent that they function within the limitations established in section 352.31 (d) (4).
The order of the Appellate Division should be affirmed.