■    In the Matter of EULAH CANTY, Individually and on Behalf of Herself and Her Infant Children, Respondent, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated August 13, 1975 and made after a statutory fair hearing, which affirmed a determination of the local agency reducing the public assistance grant to petitioner over a six-month period in order to recoup a rent advance, the appeal is from a judgment of the Supreme Court, Westchester County, entered April 28, 1976, which, *inter alia,* annulled the determination. Judgment reversed, on the law, without costs or disbursements, and matter remanded to the appellant State commissioner for further proceedings consistent herewith. The record indicates that the petitioner's financial inability to meet her rent for the months of March and April, 1975 may be attributed, in whole or in part, to the local agency's failure to timely readjust her ADC grant upon the termination of her employment. A remand to the State commissioner is necessary for clarification of this question. Moreover, since readjustment to the maximum statutory allowance would have been insufficient to meet the monthly deficiency, upon remand the

State commissioner shall also determine whether the petitioner would have been eligible for emergency assistance as to the difference. In the event that the State commissioner finds that any part of the moneys supplied to the petitioner are recoupable as a duplicate rent advance, then there must be inquiry as to undue hardship; the amount of any such monthly recoupment must be limited within the confines of 18 NYCRR 352.31 (d) (4). As so limited the recoupment provisions are valid (see *Matter of Reyes v Dumpson*, 40 NY2d 725). Margett, J. P., Damiani, Shapiro and Titone, JJ., concur.