■ In the Matter of MARSHALL WARREN, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination of the respondent State commissioner dated June 2, 1976, unanimously modified, on the law, to limit recoupment to 10% of household needs and otherwise confirmed, without costs and without disbursements (see *Matter of Reyes v Dumpson,* 40 NY2d 725; *Matter of Lajara v Berger,* 59 AD2d 599). No opinion. Concur—Lupiano, J. P., Birns, Silverman, Fein and Markewich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA ROWNER, Appellant.—Judgment, Supreme Court, Bronx County, rendered on December 19, 1975, unanimously affirmed. Appellate counsel's motion to withdraw is denied (see *People v Shaw,* 59 AD2d 873). No opinion. Concur—Lupiano, J. P., Birns, Silverman, Fein and Markewich, JJ.

■ In the Matter of FRAN LEE, Appellant, and ALBERT BOYARS et al., Petitoners, v ROBERT LOW, as Administrator of the Environmental Protection Administration, et al., Respondents.—Judgment, Supreme Court, New York County, entered on or about June 15, 1977, unanimously affirmed for the reasons stated by Nadel, J., at Special Term without costs and without disbursements. Concur—Lupiano, J. P., Birns, Silverman, Fein and Markewich, JJ.

────────

## (February 7, 1978)

■ MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Plaintiff, v SWISS CORPORATION FOR CANADIAN INVESTMENTS, LTD., et al., Appellants, et al., Defendants, and SAMI BSAT, Respondent.—Order and judgment, Supreme Court, New York County, both entered March 16, 1977, granting summary judgment to the defendant Sami Bsat, unanimously reversed, on the law, to the extent appealed from, with one bill of $60 costs and disbursements to appellants. The record before us discloses substantial issues of fact concerning defendant's status as a holder in due course. Among the factual issues presented, bearing directly on the defendant's status, are whether or not the defendant took the instruments: (1) for value; (2) in good faith; and (3) without notice that they were overdue or had been dishonored or of any defense against or a claim to them on the part of any person. (Uniform Commercial Code, § 3-302, subd [1]; § 3-303.) These checks are among a series of similar checks the status of which has been adjudicated by us in *Morgan Guar. Trust Co. v Swiss Corp. for Canadian Invs.* (60 AD2d 799). Concur—Murphy, P. J., Lupiano, Lane, Markewich and Sandler, JJ.