OPINION OF THE COURT
Memorandum.
In each case the determination of the Appellate Division should be modified, with costs to appellant, and the case remitted to Supreme Court, with directions to remand to the commissioner for a determination as to whether recoupment at the 10% rate will cause undue hardship.
The fair hearings on the welfare recipients’ claims were held in these cases and the commissioner’s determinations were made prior to the announcement of our decision in Matter of Reyes v Dumpson (40 NY2d 725). On the basis of that decision the Appellate Division has limited recoupment of the advances made to prevent eviction for nonpayment of rent under section 352.7 (g) (7) of the commissioner’s regulations (18 NYCRR 352.7 [g] [7]) to 10% of the household needs of the recipients. The commissioner concurs in the propriety of that limitation.
In Reyes, however, in holding that recoupment of advances *794 made under section 352.7 (g) (7) is subject to the limitations set forth in section 352.31 (d) (4), we noted that, in addition to the ceiling of 10% of household needs (where there was a single recovery), section 352.31 (d) (4) requires a further determination, to be made on a case-by-case basis, that recoupment at the 10% rate will not cause undue hardship. In these cases, while the Appellate Division enforced the 10% limitation, there has been no determination in either that 10% recoupment will not cause undue hardship. Accordingly each case must be remanded for such a determination.
We reject the commissioner’s contention that there should be no such remand inasmuch as claimants have failed to make a record to support assertions of undue hardship. It was not clear at the time of the pre-Reyes fair hearings in these cases that recipients were entitled to undue hardship protection. Additionally, and perhaps of greater practical significance, because all recoupment has been stayed during the pendency of these proceedings and will commence only on their conclusion, a determination is now required that in the light of present benefits and current economic conditions, a 10% recoupment will not cause an undue hardship. One may surmise that a 10% deduction from benefits which might have been found acceptable in 1975 would not necessarily meet the standard in 1979 in view of the intervening inflation in the costs of living and the absence of parallel increases in welfare benefits.
We have examined appellants’ other contentions and conclude that there was no error of law in the denial of their claims for payments to correct prior alleged underpayments or in the denial of their claims for entitlement under the Emergency Assistance to Needy Families with Children Program (US Code, tit 42, §606, subd [e]; 45 CFR 233.120; Social Services Law, § 350-j; 18 NYCRR 372).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
In the Matter of Lajara v Berger: Order modified, with costs to petitioner, and the matter remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.
In the Matter of Rivera v Berger: Judgment modified, with costs to petitioner, and the matter remitted to Supreme Court, *795 New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.