■ In the Matter of John A. Couball et al., Respondents, v Richard Staszak, as Commissioner of the Schenectady County Department of Social Services, et al., Appellants.—Appeal from that portion of a judgment of the Supreme Court at Special Term, entered July 11, 1978 in Schenectady County, which annulled a determination by the Commissioner of the New York State Department of Social Services and remanded the matter for a new determination. After a fair hearing, the Commissioner of the Department of Social Services affirmed a determination of the local agency to discontinue petitioner Laurine's ADC grant because she refused to execute a bond and mortgage on her real property in favor of the agency in accordance with sections 106 and 360 of the Social Services Law. In his decision, the commissioner stated that "The credible evidence in the record establishes that she is still the record owner of the property and legally competent to comply with the agency's requirements." The order should be affirmed. Where, as here, the commissioner of a State agency renders his decision without the benefit of verbatim transcript of the testimony before the hearing officer, his reliance upon the hearing officer's view of the evidence is improper *(Matter of Anderson v Toia,* 59 AD2d 1024; *Matter of McIver v Berger,* 55 AD2d 606; *Matter of Halley v Lavine,* 47 AD2d 945; *Matter of Cruz v Lavine,* 45 AD2d 720). Furthermore, even if the commissioner could properly rely upon the hearing officer's official report pursuant

to 18 NYCRR 358.18 (a) (see *Matter of Halley v Lavine, supra,* p 946), the so-called official report in this proceeding is wholly inadequate to provide him with the means to make an "informed decision" *(Matter of Taub v Pirnie,* 3 NY2d 188, 194). It does not summarize the evidence adduced at the hearing, nor does it contain any factual findings or even recite the substance of what transpired at the hearing. In a barely legible scrawl, it purports to summarize petitioner's contention made at the hearing but there is no basis to determine whether that was in fact the contention asserted by her, whether there was any factual support for her position, or finally, whether any other contentions were asserted at the hearing. We note that in future cases it would be an aid to this court if the hearing officer would make proper findings of fact. Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.