*571 OPINION OF THE COURT
Morris Slifkin, J.
In this action which_seeks, inter alla, a permanent injunction pursuant to section 197 of the General Business Law, plaintiff moves for a preliminary injunction pursuant to section 198 of the General Business Law.
Plaintiff Tappan Motors, Inc., is a new car dealer selling Chryslers, Plymouths, American Motors vehicles, Jeeps, Jaguars, Renaults, Mazdas, Peugots and Volvos. According to the complaint, plaintiff has been selling Volvos pursuant to agreement since 1973. After giving plaintiff 60 days to cure alleged violations in the agreement, as required thereby, defendant Volvo of America Corporation (successor to Volvo Distributing, Inc.), by letter of September 25, 1979, terminated said agreement effective November 5, 1979. A temporary restraining order has stayed any termination.
Section 197 of the General Business Law provides that "[n]o manufacturer or distributor, or any agent of such manufacturer or distributor, shall terminate any contract, agreement, or understanding or renewal thereof for the sale of new motor vehicles to a distributor or dealer, as the case may be, except for cause”. (Emphasis supplied.) Section 197-a of the General Business Law prohibits a refusal to renew such a relationship, except in good faith. Section 198 of the General Business Law, rounding out the legislative scheme, authorizes the court to grant a preliminary injunction directing the distributor to continue in all respects the requirements of the contract, agreement, understanding or renewal thereof. Although the operation of section 197-a does not appear to be invoked by the operative facts alleged in this action, it is cited and quoted from in the complaint; moreover, its addition of "good faith” to the "cause” criterion of section 197 adds a clue to the purpose of the Legislature.
Of course, the legislative intent with regard to these sections of the General Business Law (art 11-A thereof, entitled Motor Vehicle Manufacturers) is spelled out in section 1 of chapter 582 of the Laws of 1970, wherein it is declared that the sale of motor vehicles to the public includes more than a transfer of title and creates a continuing obligation of the manufacturer, distributor and dealer, thereby affecting public interest; “that the termination or failure of the established relationship between the manufacturer, distributor and dealer without cause or good faith denies to the general buying *572 public its right to availability of continuing postsale mechanical and operational service and precludes the relationship, expected and implied at the time of sale, between the buyer and the seller necessary to insure safe operating condition of the vehicle.” In addition, the Legislature found that the nature of the franchise system of automobile sales affects commerce, the economy and the people’s welfare to an extent requiring legislative intervention by way of the police power "for enforcement of a fair and equitable balance between parties to such franchises, and to provide judicial relief from unfair and inequitable practices affecting the public interest.”
Because of the policy enunciated by the Legislature, it can readily be seen that two of the yardsticks traditionally used in determining the propriety of granting preliminary injunctions are inapplicable. Plaintiff need not prove irreparable injury nor show that he has no remedy at law. These tests are personal to the plaintiff, and although generally required in making an application pursuant to CPLR 6301, they do not take into account the effect of the act, enjoinder of which is sought, upon public interest of which the Legislature was specifically solicitous. Thus, to the extent that defendant relies upon the claim that plaintiff has failed to demonstrate irreparable harm and relies upon a claim for damages to show the existence of an adequate remedy at law, its arguments are misplaced. (See P. J. Grady, Inc. v General Motors Corp., 472 F Supp 35, 36, 38.)
The ultimate test, then, is the likelihood of success. (Albini v Solork Assoc., 37 AD2d 835.) It is this aspect which distinguishes this case from Joseph Palmerone, Inc. v Alfa Romeo, Inc. (Westchester County, Jan. 4, 1977, affd 59 AD2d 1069). In Palmerone, the issues of cause and good faith were not determinative. There, defendant primarily argued that the statute was inapplicable because of the technical operation of the particular contract involved therein. In rejecting this contention, Special Term’s only reference to the issue of cause was to note that plaintiff "will definitely succeed if defendant fails to show cause for termination”. The court’s opinion in no way discusses or deals with any attempt to defeat the application for a preliminary injunction on the basis of cause for termination or good faith in nonrenewal. Thus, plaintiff’s argument that Palmerone is determinative herein cannot be accepted by this court since, as hereinafter discussed, defendant’s principal objection to plaintiff’s application is based on factual material *573 justifying termination of the parties’ contract. (At oral argument, counsel for defendant suggested that Palmerone’s distinguishing fact was that plaintiff sold only Alfa Romeos. However, the record on appeal in Palmerone shows that Alfa Romeos represented approximately 15% of plaintiffs sales.)
The court turns now to the proof presented by the parties as to cause. The bare outline of defendant’s dissatisfaction with plaintiff is as follows: (1) failure of plaintiff to use its best efforts to promote, develop and handle sales and service of Volvo products, (2) failure to properly service Volvo products, including lack of proper equipment and trained personnel, (3) failure to meet its responsibility as to parts including inadequate inventory and nondisclosure to customers when using off-brand parts, (4) failure to submit financial statements in accordance with Volvo requirements, (5) insufficient customer parking and waiting room facilities, (6) unethical advertising and poor business practices, (7) poor customer treatment and (8) abusive behavior to Volvo personnel.
A complete review herein of the proof submitted in demonstration of the validity of Volvo’s dissatisfaction would be unnecessarily cumbersome. Some of the highlights, however, serve to show both the depth and breadth of the problem faced by defendant in its relationship with plaintiff. Defendant surveyed purchasers of Volvos to ascertain their opinion of the selling dealer. The number and quality of the negative responses, as to plaintiff, especially when compared with number of sales made by plaintiff during the period covered by the responses, cannot be ignored as being within expected statistical variation. It appears from these responses that plaintiff is doing something wrong. Added to this evidence are the reports of Volvo personnel showing a persistent disregard by plaintiff to requests to make improvements in service, facilities, and technique. There is also evidence, by way of advertisement, that plaintiff has advertised cars that were unavailable at prices that were unattainable.
The papers submitted by plaintiff deny the allegations made by defendant. But the tenor of these denials is superficial. Plaintiff claims to have difficulty in getting sufficient automobiles of proper diversity from Volvo to sell. Plaintiff also makes much of its success in selling Volvos. However, defendant’s complaints have to do in part with plaintiff’s aggressive selling technique, which is incompatible with the image developed by Volvo, and, in part, with the failure by plaintiff to *574 provide the necessary follow-up after making a sale. Plaintiffs arguments, if not directly supporting defendant’s claims, certainly do not dispel them.
It is true that papers may not be the most satisfactory forms of proof when adjudging conflicting claims. However, the statute vests the court with discretion. Contrary to plaintiffs implied argument, the issuance of an injunction is not mandatory; "plaintiff must still demonstrate a likelihood of success on the merits, even as a matter of State law.” (P. J. Grady, Inc. v General Motors Corp., 472 F Supp 35, 38, supra.) If the court is to meaningfully exercise the discretion with which it is vested, it must evaluate that proof with which it is provided. On the current record, it appears likely that defendant will be able to prove that its termination of the contract between the parties was with cause. As the proof now stands, the public would be rendered a disservice and the purpose of the statute would be woefully distorted if the court granted the preliminary injunction herein.
The plaintiffs application is denied.