In the Matter of JUANITA NAVARRO, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination by the Commissioner of the New York State Department of Social Services, dated December 30, 1977, reducing petitioner's public assistance grant, unanimously annulled, on the law, without costs or disbursements, and the matter remanded for a hearing on petitioner's current need. Petitioner accepted a $538 rent advance from the New York City Department of Social Services (agency) to avoid imminent eviction, and, as a condition to such grant, agreed in writing to a 10% reduction of her next 20 semimonthly payments under her Aid to Dependent Children grant. (18 NYCRR 352.7 [g] [7].) Petitioner requested this advance allowance, which is recoupable, only after the agency denied her claim for a retroactive payment to correct underpayments (18 NYCRR 352.31 [e]). The claim for a retroactive payment was based on an increase in the number of dependent children from three to five. The proposed correction would reflect the additional children, the older of which was 16 months, whose births petitioner had not reported to the agency. Rejecting her excuse of illness and the fear generated by the childrens' father's threats if she reported the births, the agency denied petitioner's claim for a retroactive corrective payment on the ground that she had failed to provide accurate, complete and current information and to notify the agency of any changes in her needs and resources. (18 NYCRR 351.1.) Petitioner's claim for a retroactive grant should not have been rejected on this ground. Parental "misconduct" may not serve to deprive minor children of aid to which they are entitled. *(Matter of Gunn v Blum*, 48 NY2d 58; *Matter of Palermo v Toia*, 56 AD2d 889.) The retroactive amount sought was more than sufficient to satisfy the rent arrears and prevent eviction, and, if it were granted, no need to resort to the recoupable rent advance would have arisen. Accordingly, the determination is annulled and the matter remanded to determine petitioner's current need for the retroactive payments for which she was eligible. (See *Matter of Stewart v Smith*, 57 AD2d 897.) Of course, in computing any award for retroactive payments, the agency must deduct the amount of the advance allowance. Were we not remanding for the foregoing reasons we would send the matter back in any event, because the 10% rate of recoupment directed here did not take into account whether the recoup-

ment would cause undue hardship. Such determination must be made on a case-by-case basis. *(Matter of Lajara v Berger,* 47 NY2d 792; *Matter of Reyes v Dumpson,* 40 NY2d 725.) Concur—Fein, J. P., Sandler, Sullivan, Silverman and Carro, JJ.