■ NETTIE RICKERT, as Guardian ad Litem for CARMELLA AYLES and Another, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated January 16, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue personal care aide assistance to Carmella Ayles. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remanded to the State commissioner for a new fair hearing and determination in accordance herewith. Not only was the State commissioner's determination based entirely on hearsay without the necessary residuum of evidence acceptable to a court of law (see *Matter of Roach v Toia,* 58 AD2d 652), but portions of the testimony of one of Ms. Ayles' witnesses were deemed unintelligible by the transcriber. Consequently, a new fair hearing should be held. Hopkins, J. P., Titone, Lazer and Gibbons, JJ., concur.

■ TAPPAN MOTORS, INC., Appellant, v VOLVO OF AMERICA CORPORATION et al., Respondents.—In an action, *inter alia,* to permanently enjoin defendants from terminating plaintiff's Volvo dealership, plaintiff appeals from an order of the Supreme Court, Westchester County, entered January 3, 1980, which denied its motion pursuant to section 198 of the General Business Law for a preliminary injunction. Order reversed, without costs or disbursements, and motion for a preliminary injunction granted. The parties are directed to complete all discovery and to proceed to trial within 45 days after entry of the order to be made hereon, in accordance with the decision herein. Under the particular circumstances of this case, we find that if a preliminary injunction is not granted, the relative hardship which would be suffered by plaintiff greatly outweighs any benefit which might accrue to defendants. In view of the conflicting papers and affidavits submitted by the parties, we find that there exist many factual issues which can only be resolved at trial. We therefore conclude that the *status quo* should be preserved pending an early trial of the issues. Plaintiff is directed to file a note of issue, pay all necessary fees and the parties are directed to proceed to trial within 45 days after entry of the order to be made hereon. Mollen, P. J., Hopkins, Damiani and Mangano, JJ., concur. [102 Misc 2d 570.]

■ CLAIRE TRUNCALE, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—Order of the Supreme Court, Queens County, dated May 25, 1979, affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice Leviss at Special Term. Hopkins, J. P., Mangano, Gibbons and Rabin, JJ., concur.