■ In the Matter of ARLENE SULLIVAN, Appellant, v FRED G. BUSCAGLIA, as Commissioner of the Erie County Department of Social Services, et al., Respondents.—Judgment unanimously reversed, without costs, determination annulled, and matter remitted to respondent Blum for a fair hearing, in accordance with the following memorandum: This proceeding is brought pursuant to CPLR article 78 to annul a determination of the respondent commissioner after a fair hearing which affirmed a determinaion of the local agency to reduce petitioner's monthly assistance allowance (ADC) by $51.33 per month to recover excess educational grants totaling $462 above her family's public assistance needs (see 18 NYCRR 352.16). The issue to be resolved is whether the educational institution's schedule of $460 for "personal" expenses is properly educationally related and whether these moneys may be used for additional child care costs because of petitioner's alleged need to study in the library at night because she cannot visit it during the day. A further consideration is the availability of this "personal" fund for additional clothing allowance. The proceedings at the fair hearing were preserved by an electronic tape recorder from which was prepared a typed transcript of the testimony at the hearing. A review of the transcript reveals numerous instances where the label "unintelligible" is used, especially in questions asked of petitioner, along with her answers. The decision after fair hearing, for example, disallowed the additional child care costs because "the evidence does not show that it (the library) cannot be visited during the daytime." Actually, the transcript does not show any evidence at all. Neither is there anything in the transcript pertaining to additional clothing costs, nor is any mention of additional clothing costs made in the decision after fair hearing. What was asked or said about these expenses is a blank. The decision of respondent commissioner was made without the benefit of a verbatim transcript of the testimony before the hearing officer and therefore was not based upon a full record and must be reversed (18 NYCRR 358.18 [a]; *Matter of Robinson v Blum,* 73 AD2d 691; *Matter of Gutierrez v Blum,* 73 AD2d 690; *Matter of Anderson v Toia,* 59 AD2d 1024). (Appeal from judgment of Erie Supreme Court—CPLR art 78.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.