■ In the Matter of JEANNETTE WARD, Individually and on Behalf of Her Minor Children and All Others Similarly Situated, Petitioner, v BARBARA BLUM, Individually and as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review, *inter alia,* a determination of the respondent Rockland County Department of Social Services to recoup the amount of an advance allowance granted to petitioner to pay for utilities already furnished. Proceeding dismissed, without costs or disbursements, with leave to petitioner to file a demand for a statutory fair hearing within 20 days after service upon her of a copy of the order to be entered hereon together with notice of entry thereof. Petitioner is a recipient of public assistance in the Aid to Families with Dependent Children category. On two occasions she sought an advance of funds from the local agency so as to avoid a threatened utility termination by Orange and Rockland Utilities. Payments in the amount of $216.03 and $248.51 were advanced to the petitioner on October 17, 1978 and May 7, 1979, respectively. As a condition for receiving the first advance petitioner agreed that her public assistance grant could be reduced by 10%, until the amount was totally repaid. However, petitioner requested a statutory fair hearing to challenge, *inter alia,* the 10% reduction. The fair hearing was held on February 5, 1979. On May 1, 1979 the State commissioner, *inter alia,* affirmed that part of the determination by the local agency which dealt with the 10% recoupment. As previously noted, a second utility advance was made on May 7, 1979. Petitioner agreed to repay this amount but expressly reserved the right to challenge the recoupment. However, no fair hearing has been held with respect to the recoupment of the May 7 advance. The petitioner commenced the instant proceeding, challenging the respondent State commissioner's determination made after the fair hearing as well as the subsequent determination by the local agency with respect to the May 7 advance. However, the claim regarding the State commissioner's determination was withdrawn by stipulation, leaving only the issue of the propriety of the local agency's action to be considered.* The question of the propriety of a recoupment of a utility allowance for services already furnished necessarily involves an exploration of any "undue hardship" which may befall the recipient as a result of that recoupment (18

---

* An issue regarding counsel fees was also left viable by the stipulation, which otherwise withdrew all other claims arising in this litigation.

NYCRR 352.7 [g] [5]; cf. *Matter of Reyes v Dumpson,* 40 NY2d 725; *Matter of Canty v Berger,* 59 AD2d 943). As there was no fair hearing held subsequent to the local agency's determination to recoup the May 7 advance, there is an insufficient record to permit this court to properly review said determination. As to the feasibility of using the prior fair hearing as a basis for our review, we hold that such a procedure would be improper, as well as futile, given the time span which elapsed between the two determinations to recoup made by the local agency. Further, without passing upon the propriety of the claim, we hold that the issue of attorney's fees pursuant to section 1988 of title 42 of the United States Code remains a viable one under the stipulation between the parties. In light of our decision to dismiss this proceeding with the contemplation that a statutory fair hearing will subsequently be held, an award of counsel fees, if proper, would be premature at this time. Lazer, J.P., Mangano, Cohalan and Margett, JJ., concur.