In the Matter of SUSAN BRENNIN, Individually and on Behalf of Her Infant Son, MARK BRENNIN, Petitioner, v JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents.

Second Department, March 16, 1981

APPEARANCES OF COUNSEL

*Leonard S. Clark (John F. Castellano* of counsel), for petitioner.

*Robert Abrams,* Attorney-General (*Donna Miller* and *Eugene E. Zegarowicz* of counsel), for State Commissioner, respondent.

OPINION OF THE COURT

MANGANO, J.

In this proceeding pursuant to CPLR article 78 to review two determinations of the State Commissioner of Social Services, issues are raised concerning the recoupment of overpayments to public assistance recipients, the termination of assistance grants to needy children due to parental misconduct, and the State commissioner's rendering of decisions after fair hearings upon incomplete records. We have also been requested to consider the appropriateness of awarding counsel fees to petitioner under section 1988 of title 42 of the United States Code.

I

Petitioner and her eight-year-old son were recipients of a public assistance grant in the Aid to Dependent Children category (ADC) in the amount of $401 per month.

This included $150 for basic needs and $251 for shelter allowance. From the total amount of $401 per month, a monthly deduction of $60.15 was made, representing a recoupment for multiple recoveries owed to the local agency by petitioner. (The $60.15 figure equaled 15% of petitioner's monthly grant, the maximum allowable recoupment for two or more recoveries [see 18 NYCRR 352.31 (d) (4)].) Thus, deducting this recoupment and petitioner's rent allowance, she and her son were left with a cash grant of $89.85 per month. Adding thereto the $62 worth of food stamps received per month, they had a monthly income of $151.85 to meet basic needs, e.g., food, clothing, utilities, excess rent ($260 actual rent less $251 shelter allowance = $9 excess rent), school supplies, household items, transportation, etc.

Upon the record of the fair hearing of April 7, 1980, conducted on the sole issue of whether the $60.15 recoupment had created undue hardship for petitioner, the State commissioner determined that the petitioner had "presented insufficient evidence to sustain her contention that the recoupment cause[d] undue hardship."

■ This determination was erroneous as a matter of law. Under 45 CFR 233.20 (a) (12) (i) (f) and 18 NYCRR 352.31 (d) (4), the local agency has the burden of showing that, before ordering recoupment, a recipient's case was analyzed on an individual basis to determine the specific economic realities of her situation, and that, upon such an analysis, a rate of recoupment was established that did not cause undue hardship. No such showing by the local agency was made in this case. The agency simply proved that it had applied the maximum allowable rate for multiple recoveries (15%). The Court of Appeals, however, in *Matter of Lajara v Berger* (47 NY2d 792, 794), held that 18 NYCRR 352.31 (d) (4) not only establishes a ceiling for recoupment, but also "requires a further determination, to be made on a *case-by-case* basis, that recoupment at the [maximum allowable] rate will not cause undue hardship" (emphasis added). We understand the Court of Appeals to mean that case-by-case determinations of the presence or absence of undue hardship are to be made prior to, and are to form the basis of, establishing the recoupment rate

in each individual case. (See *Matter of Navarro v Blum*, 74 AD2d 529, app dsmd 49 NY2d 1046.)

In the instant matter, the fair hearing evidence failed to establish whether the local agency, in setting the recoupment rate herein, had specifically determined whether undue hardship would have resulted therefrom. The State commissioner, therefore, should have reversed the local agency's recoupment determination. The commissioner, however, affirmed. This would normally require an annulment by this court and a remand for a new hearing. Nevertheless, on the facts of this case, sufficient evidence appears in the record to permit us to make our own finding that the basic needs and expenses of petitioner and her son dictate that recoupment must be established at the rate of $15 per month.

## II

As to the determination of the State commissioner dated May 7, 1980, two issues are raised: (1) whether the State commissioner properly rendered that determination when, concededly, the stenographic or taped minutes of the statutory fair hearing upon which it was based were never before the commissioner; and (2) whether the local agency, in finding that petitioner had not informed it of certain income and expenses, had the right to terminate that portion of petitioner's ADC grant intended for the benefit of her son.

On the issue of the State commissioner rendering a determination without reviewing the stenographic or taped minutes of the fair hearing, a long line of cases in this court holds that such a determination is improperly based on an incomplete record and should be annulled. (See *Santiago v Blum*, 75 AD2d 596; *Matter of Gutierrez v Blum*, 73 AD2d 690; *Matter of La Valle v Blum*, 67 AD2d 708; *Matter of McIver v Berger*, 55 AD2d 606; *Matter of Halley v Lavine*, 47 AD2d 945; *Cruz v Lavine*, 45 AD2d 720; see, also, *Matter of Sullivan v Buscaglia*, 75 AD2d 990; *Matter of Couball v Staszak*, 70 AD2d 1027; *Matter of Anderson v Toia*, 59 AD2d 1024; cf. *Matter of Rickert v Blum*, 74 AD2d 846; *Matter of Robinson v Blum*, 73 AD2d 691.)[1]

---

1. As this long line of cases should indicate, this court is acutely aware of

Thus, 18 NYCRR 358.18 (a), to the extent that it defines a full record of a statutory fair hearing as including "[t]he transcript or recording of testimony and exhibits, *or* an official report containing the substance of what transpired at the hearing" (emphasis added), is invalid. Accordingly, in the case at bar, the State commissioner's determination of May 7, 1980, must be annulled and the matter remanded for a new hearing.

Notwithstanding this annulment, we turn to the question of parental misconduct affecting the benefits of needy children.

In the determination of May 7, 1980, the State commissioner found that the local agency had requested verification of petitioner's water bill payments and college grants and expenses, and that such information was to be supplied by March 11, 1980, or petitioner's case would be closed on March 14, 1980. The commissioner further found that petitioner had not provided the requested information until April 10, 1980, and had offered no valid reason for the delay. Accordingly, it was concluded that the local agency had properly terminated petitioner's entire ADC grant for the benefit of both herself and her son.

■ An applicant for, or recipient of, public assistance is required to furnish the local agency with all pertinent information to determine initial and continuing eligibility (18 NYCRR 351.2, 351.20). Pursuant to 18 NYCRR 351.6 (c) (2), "In the event that a legally responsible relative residing in the applicant's or recipient's household fails or refuses to cooperate in providing necessary information about his financial circumstances, such refusal shall be a ground for denying or discontinuing assistance to the persons for whom he is legally responsible." Nevertheless, the Court of Appeals has recently held that New York's ADC

---

the fact that the issue of rendering decisions on an incomplete record has been repeatedly raised on appeal. It would appear, therefore, that, with some frequency, our rulings on this well-settled question have not been adhered to. We would hope that the State commissioner would take special note of this situation and take whatever corrective measures are necessary. Should this error continue to be made, this court, in the interests of justice, might decide to remedy the wrong in a manner that would have a more prophylactic effect than annulment and remittitur.

program is a "joint Federal and State operation designed to provide financial assistance to families with needy children. Its express purpose is to provide aid to dependent children. (Social Services Law, § 343; US Code, tit 42, § 601.)" *(Matter of Gunn v Blum,* 48 NY2d 58, 63.) The court recognized (p 63) that "[c]ommencing with *King v Smith* (392 US 309) numerous courts have held that needy children may not be penalized by loss of public assistance on the basis of their parents' conduct [citations omitted]" and specifically cited our own holding to the same effect in *Payne v Sugarman* (39 AD2d 720, affd on other grounds 31 NY2d 845). (See, also, *Matter of Gutierrez v Blum,* 73 AD2d 690, *supra; Matter of Mandy v Blum,* 67 AD2d 1002; *Matter of Farrone v Toia,* 61 AD2d 983, app dsmd 45 NY2d 775; *Matter of Palermo v Toia,* 56 AD2d 889; *Matter of Hodges v Toia,* 56 AD2d 628; *Matter of Johnson v Toia,* 56 AD2d 628; *Matter of Mc Phaul v Toia,* 56 AD2d 630; *Matter of Zabala v Lavine,* 48 AD2d 880.)[2] It seems clear, therefore, that on the authority of *Matter of Gunn v Blum (supra)* and the numerous cases in this court, the relevant Federal and State statutes must be interpreted to prohibit any termination of assistance to needy children because of the misconduct of their parents. Thus, 18 NYCRR 351.6 (c) (2), to the extent that it conflicts with these statutes, is invalid. Accordingly, the State commissioner's affirmance of the local agency's termination of that portion of petitioner's ADC grant intended for the benefit of her son was improper and would warrant modification of the commissioner's decision of May 7, 1980, were it not otherwise being annulled.

### III

█ Finally, we address petitioner's request for counsel fees pursuant to section 1988 of title 42 of the United States Code, as recently interpreted by the Supreme Court in *Maine v Thiboutot* (448 US 1) and *Maher v Gagne* (448 US 122). Although the case at bar may well be the type for which an award of counsel fees is authorized by section

---

2. The same observation can be made with regard to this issue of penalizing needy children for their parents' misconduct as was made above concerning decisions upon incomplete records (see n 1).

1988, there was no showing by petitioner as to whether she was represented in this proceeding on a fee basis, and, if so, what the fee was and the amount of time and work upon which it was based. In fact, it appears from the record that petitioner was represented on a nonfee basis. Accordingly, this court has not been presented with any reason for exercising its discretion to award petitioner counsel fees under section 1988.

We have considerd petitioner's other contentions and find them to be without merit.

MOLLEN, P. J., TITONE and O'CONNOR, JJ., concur.

Petition granted to the extent that (1) the determination dated April 25, 1980 is modified, on the law and the facts, by reducing to $15 per month the amount of recoupment, and, as so modified, the determination is confirmed, and (2) the determination dated May 7, 1980, is annulled, on the law, and a new fair hearing is ordered. The proceeding is otherwise dismissed on the merits, without costs or disbursements. Petitioner is to be reimbursed for any amounts which may have been withheld from her grant pursuant to the April 25, 1980 determination in excess of $15 per month and the matter is remitted to the respondents for further proceedings consistent herewith.