■ In the Matter of the Estate of ROBERT ROSANES, Deceased. ROSE ROSANES, Appellant; MILTON SHAPIRO et al., as Executors, Respondents. — In a proceeding to compel the executors of an estate to transfer certain real property to the petitioner, petitioner appeals from so much of a decree of the Surrogate's Court, Nassau County, dated December 18, 1980, as required her to post security in the amount of $7,500 with the executors of the estate as a condition precedent to the issuance of a deed. Decree affirmed insofar as appealed from, with $50 costs and disbursements payable personally by appellant. Under the circumstances at bar, where the property in question may still subject the decedent's estate to additional tax liability, the Surrogate did not abuse his discretion in requiring appellant to provide an undertaking in the amount of $7,500 as a condition precedent to her acquisition of the property. Lazer, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ In the Matter of WENDY SABOT, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated May 2, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency to reduce petitioner's public assistance grant in the aid to dependent children category by 10% per month for recoupment of an overpayment. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remanded to respondents for further proceedings consistent herewith. There was no evidence in the record, beyond a conclusory statement by the "fair hearing representative" on behalf of the local agency, that petitioner's case "was analyzed on an individual basis to determine the specific economic realities of her situation, and that, upon such an analysis, a rate of recoupment was established that did not cause undue hardship." (See *Matter of Brennin v Kirby,* 79 AD2d 396, 398; see, also, *Matter of Lajara v Berger,* 47 NY2d 792, 794; 45 CFR 233.20 [a] [12] [i] [f]; 18 NYCRR 352.31 [d] [4].) Accordingly, the State commissioner's determination must be annulled, and a remand ordered so that a recoupment rate may be properly established based on the particular facts and circumstances of petitioner's case. (See *Matter of Brennin v Kirby, supra; Matter of Navarro v Blum,* 74 AD2d 529, app dsmd 49 NY2d 1046.) Titone, J. P., Lazer, Mangano and Cohalan, JJ., concur.

■ In the Matter of SAFE-T BRAKE & WHEEL ALIGNMENT CORP., Petitioner, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Motor Vehicles dated May 15, 1980, which suspended petitioner's motor vehicle repair shop registration for a period of 10 days for charging a customer for repairs that were not made (see 15 NYCRR 82.5 [h]). Determination confirmed and proceeding dismissed on the merits, with $50 costs and disbursements. There is substantial evidence in the record to support the determination under review, and the penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness. Lazer, J. P., Cohalan, Margett and O'Connor, JJ., concur.