OPINION OF THE COURT
Margaret Taylor, J.
THE FACTS
Since May, 1978 petitioner Jose Flores has received Home Relief (H.R.) payments to supplement the wages he receives from his job as a dishwasher at Puglia’s Restaurant. This State-funded program provides cash assistance to families in which parental support is present, but inadequate to meet the family’s basic need level. The level of public assistance under H.R. is determined by reducing the household’s basic need level dollar for dollafc by the recipient’s salary. (18 NYCRR 352.21 [b].) The Department of *955 Social Services (the Agency) has always been fully informed of Mr. Flores’ employment and of the pertinent earning information relating to that employment.
During the period from November 9, 1979 through May 27, 1980, petitioner and his family were reclassified as an Aid to Dependent Children (A.D.C.) case due to Mrs. Flores’ pregnancy with their third child (18 NYCRR 369.2 [g] [5]). (As of June, 1980 the Flores family returned to their H.R. status.) Under A.D.C., a partly Federal program, the family’s benefits were increased by an allotment for the unborn child (18 NYCRR 369.2 [a] [1]), as well as by an earned income disregard that is not available to H.R. recipients. Under the A.D.C. formula, the first $30 per month plus one third of the remaining gross income is exempted, i.e., disregarded, from consideration when the family’s public assistance grant is calculated. (18 NYCRR 352.20 [b] [2].)
In the early spring of 1979, Mr. Flores received a Federal income tax refund (tax refund) of $534 for the 1978 tax year. Of that amount, $247.20 was the amount that had been withheld from petitioner’s salary for Federal income tax purposes and $286.80 was an earned income tax credit (tax credit), an additional Federal benefit for low wage earners pursuant to section 43 of the Internal Revenue Code of 1954 (US Code, tit 26, § 43). Petitioner’s uncontested testimony is that he spent the proceeds of that $534 check exclusively on household necessities including clothing for his daughter, bedding and carpeting.
THE ISSUE
The effectuation of petitioner’s reclassification to the A.D.C. category created multiple errors and confusions all but one of which have been rectified via the fair hearing that was held on March 13, 1980. In this CPLR article 78 proceeding, Mr. Flores challenges only that part of the April 28, 1980 decision that affirms an Agency determination to recoup his $534 Federal income tax refund. In February, 1980, the Agency began to deduct $21.36 from the family’s public assistance check semimonthly and planned to continue to deduct same from 25 checks until the full amount was recovered. The legal issue posed is *956 whether the Agency is entitled to recoup its $534 alleged overpayment from Mr. Flores pursuant to 18 NYCRR 352.31 as Commissioners Blum and Brezenoff assert or whether this recoupment is proscribed by the pertinent regulations as applied to the facts of this case.
THE LAW
The general and overriding principle governing the resolution of this issue is that unless there is fraud (which is not contended here) “Recoupment of any overpayment made to a recipient shall not be required unless the recipient has currently available income or resources, exclusive of the current assistance payment. Exempted income and disregards shall be considered as being currently available.” (18 NYCRR 352.31 [d] [1] [ii]; see, also, 45 CFR 233.20 [a] [12] [i] [A] [1].) It is the Agency’s burden to prove in each case that there is currently available income or resources before any recoupment may be ordered. (Matter of Brennin v Kirby, 79 AD2d 396.) The application of this principle to the period of the Flores family’s coverage under A.D.C. must be analyzed separately from the H.R. coverage period because the financial facts were different and other regulations become relevant to that analysis.
A.D.C.: NOVEMBER 9, 1979 — may 27, 1980
In February, 1980 when the recoupment began, the Flores family was an A.D.C. partly Federal beneficiary. Under the Federal law that applied in 1979 (US Code, tit 26, § 43, n 2) the $286.80 tax credit could not be considered as income or as a resource for the purpose of calculating a family’s entitlement to benefits that are funded in whole or in part with Federal funds. (See Administrative Directives 76 ADM-137 and 77 ADM-97 of the State Agency.) Thus, any recoupment of A.D.C. benefits and of food stamps during this period is limited to the $247.20 that was petitioner’s refund of withheld Federal income tax.
Of the nonexempted $247.20 tax refund, the Agency’s recoupment is still limited by the regulation that broadly protects the funds that are necessary to provide the family’s basic need level. (18 NYCRR 352.31 [d] [1] [ii].) Since under A.D.C. certain of petitioner’s income was disregarded in calculating the amount of his benefits, that *957 income disregard is to be considered as currently available for recoupment (18 NYCRR 352.31 [d] [1] [ii]). However, the Agency must make a specific determination that this recoupment will cause no undue hardship to the Flores family, and in no case may the recoupment exceed 10% of the household needs. (18 NYCRR 352.31 [d] [4].) Since the decision after the fair hearing, in calculating the deductions for the period of February, 1980 through May 27, 1980, did not exempt the tax credit from recoupment, and because the decision did not specifically find that no undue hardship would result from the recoupment, the commissioners’ affirmance of the Agency’s determination was erroneous as a matter of law. That branch of the commissioners’ determination must thus be annulled and that matter remanded for a new hearing in which the A.D.C. period recoupment must be re-evaluated and recalculated in light of this opinion.
H.R.: JUNE, 1980 THROUGH FEBRUARY, 1981
Because the H.R. program is entirely supported by State funds, it is not controlled by section 43 of title 26 of the United States Code and the earned tax credit refund is not exempted from recoupment or benefit calculation (Social Services Law, § 131-n). Petitioner’s second cause of action contends that the disparate treatment of H.R. and A.D.C. recipients violates the equal protection guarantee of the New York State Constitution by denying to one class of needy persons the tax credit exemption that is available to all others. (See Matter of Lee v Smith, 43 NY2d 453.) Although this contention is cogently set forth, the court does not reach that issue because of the regulations that are dispositive of the issue.
As there are no income disregards or exemptions available to H.R. recipients, the inquiry of necessity must focus on whether there were other resources available for recoupment during this period.
The actual proceeds of the $534 refund were uncontestedly unavailable at the time of recoupment since peti *958 tioner had spent the full amount on family necessities under the mistaken belief that he was entitled to do so.* As a recipient of H.R. the petitioner’s grant is fixed at the level of basic need for his family and is reduced dollar for dollar by the wages he earns from his job. Since the entire amount of his grant plus his earnings by definition are needed to bring the Flores family to subsistence level as set by the State, and because there is no income that is exempted, there is no resource or income that was available during the H.R. period for recoupment as mandated by 18 NYCRR 352.31 (d) (1) (ii) and 45 CFR 233.20 (a) (12) (i) (A) (1).
There is an understandable regulatory vigilance to ensure that no family’s income be reduced below subsistence level by the very Agency which is charged with the duty to provide a minimum level of assistance to the State’s needy persons. These regulations were put into effect following the decision in National Welfare Rights Organization v Weinberger (377 F Supp 861), which found that the “income and resources” clause of the Federal Social Security Act was violated by recovering an overpayment of benefits when a recipient had no available funds beyond the current assistance payment. Even where the overpayment resulted from the recipient’s willful concealment and withholding of information and even where prior allotments were mismanaged, recoupment cannot deprive the wrongdoer’s dependents of the funds necessary for their basic support. (Matter of Gunn v Blum, 48 NY2d 58; Matter of Reyes v Dumpson, 40 NY2d 725; Matter of Mitchell v Toia, 63 AD2d 890.) It has been said that reducing the petitioner’s grant below the subsistence level “make[s] a mockery of the valid social purpose behind home relief.” (Matter of Reyes v Dumpson, supra, p 728.) That the needs of the recipients must be of paramount consideration in any award or reduction of benefits is a tenet of constitutional magnitude in this State whose Constitution declares “The aid, care and support of the needy are public concerns and *959 shall be provided by the State” (NY Const, art XVII, § 1; Tucker v Toia, 43 NY2d 1).
To the extent that the Agency found that petitioner and his family had currently available resources exclusive of their H.R. current assistance payments, on the facts of this case, it is completely without basis in law or in fact and cannot be allowed to stand. (CPLR 7803, subd 3.)
Accordingly, the petition is granted to the extent indicated above and respondents’ determination is vacated.

 A retroactive corrective grant that was made after the fair hearing to compensate petitioner for his prior underpayment is statutorily insulated from being considered as income or as a resource (18 NYCRR 352.31 [e] [2]; 45 CFR 233.20 [a] [12] [ii] [b]).