■ In the Matter of INES AVILES, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated March 26, 1981 and made after a statutory fair hearing, which affirmed determinations of the local agency to reduce the grant of public assistance received by petitioner on behalf of herself and her three minor children in order to recoup an overpayment of public assistance which allegedly resulted from petitioner's willful failure to report income and because she allegedly had available cash resources. Petition granted, determinations annulled, on the law, without costs or disbursements, respondents are directed to restore to petitioner any public assistance that may have been withheld pursuant to those determinations and the matter is remitted to the Supreme Court, Nassau County, for a hearing, in accordance herewith, to determine reasonable counsel fees. There is insufficient evidence in the record to sustain the respondent State commissioner's determination that petitioner willfully failed to report moneys from a basic educational opportunity grant, and a Christmas club account. Moreover, the record of the fair hearing does not establish that the local agency had complied with the then-applicable State and Federal regulations requiring that proper notice be given to a recipient of his or her obligation to report any changes in income which might affect the amount of the grant (*Matter of Curry v Blum*, 73 AD2d 965). Accordingly, the determination of the respondent State commissioner and those of the local agency must be annulled. In addition, the respondent State commissioner's affirmance of so much of the local agency's determinations as terminated the portion of petitioner's grant intended for the benefit of her children was improper and would warrant modification of the commissioner's decision, were we not otherwise annulling it (*Matter of Brennin v Kirby*, 79 AD2d 396, 400-401, mot for lv to app dsmd 54 NY2d 830, cert den 456 US 908). Inasmuch as the petitioner has been successful on her claim, which is cognizable under section 1983 of title 42 of the United States Code, the case must be remitted to Special Term to afford respondents an opportunity to demonstrate whether special circumstances exist which would bar an award of counsel fees (see US Code, tit 42, § 1988; *Matter of Johnson v Blum*, 58 NY2d 454) and, if not, to fix a reasonable fee in accordance with the guidelines set forth in *Matter of Rahmey v Blum* (95 AD2d 294). Damiani, J. P., Titone, Lazer and Boyers, JJ., concur.

■ In the Matter of ZOLTAN BERNSTEIN, Appellant. — In a proceeding to compel disclosure of Grand Jury minutes, the petitioner appeals from an order of the Supreme Court, Rockland County (Miller, J.), entered March 18, 1983, which denied the petition. Order affirmed, without costs or disbursements, with leave to petitioner to renew his application, if he be so advised, at the time of trial. We are satisfied that petitioner should not be permitted to examine the Grand Jury minutes as part of his pretrial discovery proceedings in connection with his case pending in the Federal court. However, under the peculiar circumstances of this case, petitioner may renew his application, if he be so advised, at the time of trial. Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.