[Civ. No. 12237. First Dist., Div. One. Feb. 10, 1943.]

ANTONE PETERSEN, Appellant, v. LEROY VANE, Respondent.

Albert Picard and Francis McCarty for Appellant.

Edward F. Treadwell, John Langer and Howard Magee for Respondent.

PETERS, P. J.—Plaintiff, Antone Petersen, brought this action in equity to set aside a default judgment taken against him by defendant in a prior municipal court action. The prior municipal court action was brought by the present defendant to recover for personal injuries received by him as a result of a collision between the bicycle on which defendant was riding and an automobile driven by the plaintiff's son. From a judgment denying plaintiff the relief requested, plaintiff prosecutes this appeal.

Appellant urges that he was never brought within the jurisdiction of the municipal court for the reason that the service upon him, as a fictitious defendant, was improper. He therefore contends that the default judgment should be declared a nullity.

The facts are as follows: On October 3, 1938, respondent Vane was injured by an automobile driven by Roy Petersen, son of appellant. On September 30, 1939, Vane instituted an action in the municipal court against Roy and others. The defendants were designated in the complaint and summons as "Roy Robert Petersen, Walter Petersen, First Doe, Second Doe, Third Doe, Fourth Doe, individually and as co-partners doing business under the firm name and style of Antone Petersen & Sons." The automobile driven by Roy at the time of the accident was registered in the name of Walter, another son of Antone. Antone was engaged in the contracting business and Roy and Walter and another son, Herbert, worked in the business. Prior to the accident Antone had secured a contractor's license, the license in-

dicating that Antone was the owner of the business. After the accident there was filed in San Francisco a certificate of Antone Petersen doing business under the fictitious name of Antone Petersen & Sons. There was also evidence, however, that, although Antone ran a union shop, none of the boys belonged to the union. If they were mere employees, under the union contract they should have joined the union, but if partners they were not required to do so. There was also testimony that no payroll deductions for the various social security taxes were made from the son's salaries as was required by law if they were mere employees. The theory of the municipal court action was that Roy was a partner in the firm and that the tort was a partnership tort.

In due course Walter was properly served on April 4, 1940. Thereafter, Walter's attorney agreed with Vane's attorney to accept service for Roy. The joint answer of Roy and Walter was sworn to on April 14, 1940, and filed June 11, 1940. The attorney for the two boys refused to accept service for Antone.

After the answer of the two boys had been filed, attorney Langer became associated with counsel for Vane. He testified that when he came into the case he immediately took steps to have Antone served. He called in a regular process server by the name of Moore and instructed him to serve Antone. Moore testified on a prior trial, and his testimony was read into the record of this trial, that early in June, 1940, he tried several times unsuccessfully to serve Antone; that on June 19, 1940, he called at Antone's home and place of business; that Herbert Petersen was alone in the office; that he asked Herbert for his father; that Herbert left the room and returned and stated his father would soon be in; that Antone came into the office; that he asked him if he was Antone Petersen and he said "yes"; that he then handed him the papers and suggested that he get in touch with Mr. Langer; that after he had left the office Herbert came running after him and stated that the paper was not for his father; that he called Herbert's attention to his father's name on the summons and then left; that on the return of service he had originally written under "Names of Defendants Served," "Antone Petersen & Sons by serving Antone Petersen"; that when this return was submitted to attorney Langer the latter suggested, and Moore agreed, that it should be changed to read in accordance with the

summons: "Antone Petersen served herein as First Doe, doing business under the firm name and style of Antone Petersen & Sons"; that Langer made that change.

Langer testified that after he came into the case in June, 1940, he took steps to have Antone served; that he called in Moore and instructed him to serve Antone; that sometime between June 19th and 24th, 1940, and before he had actual knowledge that Antone had been served, Antone telephoned to him; that he asked Antone to come to his office to discuss the case; that he told Antone, "I feel that you are personally liable in the matter . . . "; that Antone denied liability; that he then told Antone, "Well, in that event, why, I will see you in court"; that he suggested to Moore that the return of service be changed to read as it was set forth in the summons.

Antone failed to answer within the time permitted by law and his default was duly taken and a default judgment for $1,995, and costs, was entered against him on July 23, 1940. The action against Walter and Roy was thereafter dismissed, and six months after the judgment against Antone was secured steps were taken to enforce it. This action was instituted in February, 1941.

Antone and Herbert contradicted much of Moore's and Langer's testimony. It was their testimony that the purported service took place in May and not in June, 1940; that Moore told Herbert that the documents he had were for Roy; that Moore asked Herbert to deliver them to Roy; that then Antone came into the office and Herbert told him Moore had papers for Roy; that Moore asked if he could leave them for Roy; that when he called Langer he told Langer that Moore had left a paper for Roy; that he could not see why it was left there because he, Antone, had nothing to do with the case. Not only was this testimony directly contradicted by Moore and Langer, but much of it is contradicted by record evidence. The service on Antone occurred on June 19, 1940. At that time Roy and Walter had already filed their joint answer. Obviously, there was no reason to be serving Roy on June 19th, unless the theory is that Moore tried fraudulently to mislead Antone. On that issue the trial court resolved the conflict in favor of respondent.

The trial court found that on June 19, 1940, Moore served the summons "upon Antone Petersen, doing business under

the firm name and style of Antone Petersen & Sons by then and there delivering to and leaving with said Antone Petersen personally, a true copy of said summons, attached to which was a true copy of the complaint in said action.''

The court found the facts as to the return of service and then found: ''It is not true that the said Lawrence Moore at any time requested that plaintiff herein deliver the copy of said summons and complaint to one of his sons and it is not true that said plaintiff thereupon looked at said paper and found that his name was not mentioned therein, but on the contrary he looked at said summons and saw that said summons was addressed and directed to Roy Robert Petersen, Walter Petersen, First Doe, Second Doe, Third Doe, Fourth Doe, individually and as co-partners doing business under the firm name and style of Antone Petersen & Sons, and it is not true that plaintiff called the attention of Lawrence Moore to that fact or told Lawrence Moore that it did not constitute a service of summons; and it is not true that said Lawrence Moore at any time stated to said plaintiff that the plaintiff should deliver the same to one of his sons; and it is not true that said plaintiff thereupon told said Lawrence Moore he would do so.''

Thus, under these facts the court found, as a fact, that appellant was properly served as a fictitious defendant. These findings are amply supported. Appellant urges that in order to serve a fictitious defendant it is indispensable for the process server to tell the person served he is being served as a fictitious defendant. In this connection appellant refers to a dictum appearing in *Mercantile T. Co.* v. *Stockton etc. Co.*, 44 Cal.App. 558, 560 [186 P. 1049], which reads: ''It was for the plaintiff to make known in some way the real persons whom he desired as defendants and whom he sued by fictitious names. This he can do by a service of summons on the person, stating that he was the person sued as John Doe, or by recognizing such person as a proper party litigant if he appeared without service of summons.'' Appellant urges that the words ''stating that he was the person sued as John Doe'' require the process server to inform the person served that he is being served as a fictitious defendant. Certainly, it is not required that those exact words be used. Without deciding what the minimum requirements may be in serving a fictitious defendant, the evidence and findings here demonstrate that appellant was, in effect, in-

formed that he was being served as a fictitious defendant, and that he knew, or as a reasonable man should have known, that he was being so served. Admittedly appellant read the summons. He admitted that no one but himself could fit the description of "First Doe . . . individually . . . doing business under the firm name and style of Antone Petersen & Sons." He telephoned respondent's attorney and was informed that the attorney was contending the company was a partnership and that Antone was personally liable. He was also told that the attorney would "see you in court." Under such circumstances, the trial court was justified in concluding that appellant was informed he was being sued under a fictitious name just as clearly as if those exact words had been employed.

Of course, if the process server fraudulently misleads the person served by telling him that the summons is for someone else, equity may possess power to set a judgment aside based on such service. But here the trial court on sufficient and competent evidence found against such contention.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.