In the Matter of THOMAS F. FITZMAURICE, Appellant, *v.* ROBERT MOSES et al., as Commissioners of the Triborough Bridge and Tunnel Authority, Respondents.

First Department, February 21, 1961.

*Robert J. Mozer* of counsel (*Harold, Luca, Persky & Mozer,* attorneys), for appellant.

*Edward A. Doberman* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel*), for respondents.

*Per Curiam.* Petitioner appeals from an order, dated June 8, 1960, in a proceeding pursuant to article 78 of the Civil Practice Act, which denied his application to review and annul the determination of the respondents, or, in the alternative, for an order reducing the fine imposed to a sum not to exceed $100 as allowed by law.

Petitioner has not contended, either in this court or in the court below, that the respondents' determination finding him guilty of the charges preferred against him is unsupported by substantial evidence. Petitioner contends his demand for a bill of particulars of the charges should have been complied with; that having received a below standard annual performance rating because of the misconduct underlying the charges, he could not for the same infractions be subjected to this disciplinary proceeding under section 75 of the Civil Service Law; that he was denied a fair hearing because he was not given a copy of the hearing officer's report and recommendations and an opportunity to controvert it prior to its submission to the respondents; that the hearing officer's findings of fact were inadequate; and that on the numerous charges of which he was found guilty, the total fine may not lawfully exceed $100, and, in any event, the fines totaling $1,160 are excessive.

Subdivision 3 of section 75 of the Civil Service Law, so far as relevant, provides: " If such officer or employee is found guilty of the charges, the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service; provided, however, that the time during which an officer or employee is

suspended without pay may be considered as part of the penalty.''

The statute expressly and with particularity defines the sanctions which may be imposed if one is '' found guilty of the charges ''. A fine in excess of $100 resulting from the cumulation of fines on multiple infractions charged renders meaningless the mandate of the statute to limit the fine to a sum '' not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee ''. It is not to be assumed that the Legislature intended to oppress by making possible the confiscation of the earnings of an offending officer or employee. Other sanctions are provided short of the appropriation of the earnings of the delinquent which adequately serve to punish and deter.

We have examined the other points raised by petitioner and find them without merit.

The order should be reversed, on the law, without costs, and the petition granted to the extent of modifying the determination of the respondents by reducing the fine imposed to the sum of $100.

VALENTE, J. (dissenting in part). We do not read the provisions of subdivision 3 of section 75 of the Civil Service Law as limiting the penalty or punishment—where an officer or employee has been found guilty of charges, and a fine is being imposed—to a maximum fine of $100 where there are multiple charges. There are no discernible precedents either way. The use of the words '' found guilty of the charges '' certainly was not intended to exclude guilt on a single charge. There is nothing in the context of the subdivision to require a construction that the use of the plural '' charges '' does not include the singular, '' charge '' (see General Construction Law, § 35).

Petitioner was found guilty of having committed separate and distinct violations which did not arise out of a single transaction. It was therefore within the administrator's power to impose separate and cumulative fines upon petitioner for the different and separate violations.

As a practical matter, the conclusion that only one fine of $100 may be imposed where there are multiple charges, can only result in the needless procedure and expedient of filing separate charges instead of consolidating them in one preferment of charges, or worse, in the filing of charges in every instance of misconduct in order to preserve the ground for discipline. The Legislature should not be deemed to have intended to impose such a cumbersome and harassing procedure in civil service matters.

Although we conclude that there was power to impose more than a $100 fine, we nevertheless find that the fines of $1,160 were excessive and would reduce them to $300, and award costs and disbursements to petitioner. .

RABIN, McNALLY and EAGER, JJ., concur in *Per Curiam* opinion; VALENTE, J., dissents in part in opinion, in which BREITEL, J. P., concurs.

Order, entered on June 9, 1960, denying petitioner's application for an order finding the petitioner not guilty of the charges preferred against him by reason of legal error committed during the hearing, or, in the alternative, for an order reducing the fine imposed by the respondents, to a sum not to exceed $100 as allowed by law, and dismissing the petition, reversed, on the law, without costs, and the petition granted to the extent of modifying the determination of the respondents by reducing the fine imposed to the sum of $100.