■ LUCILLE WILBER, Appellant, v. CARL MOORE, Respondent. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— Order of the Supreme Court, Nassau County, dated May 3, 1972, affirmed, with $10 costs and disbursements to respondent Motor Vehicle Accident Indemnification Corporation. (McGee v. Horvat, 23 A D 2d 271; Matter of MVAIC [Cody], 26 A D 2d 783, affd. 24 N Y 2d 807.) Munder, Acting P. J., Martuscello, Shapiro, Gulotta and Brennan, JJ., concur.

■

## (December 26, 1972)

■ EVELYN M. BROWN, Respondent, v. JUANA P. GIESECKE, Appellant, and BROOKLYN UNION GAS COMPANY et al., Defendants. GALSTER PROPERTIES CORP., Respondent.— In a mortgage foreclosure action in which the property was sold under a judgment of foreclosure, defendant owner Giesecke appeals from an order of the Supreme Court, Kings County, entered January 4, 1972, which granted a motion by the purchaser, Galster Properties Corp., awarding it possession of the property and denied appellant's traverse to the service of the summons upon her. Order reversed, on the law and the facts, with $10 costs and disbursements to appellant against respondent Galster Properties Corp., motion by the purchaser denied and traverse sustained. Galster Properties Corp. shall be reimbursed the amount of money it paid for the property or shall have a lien therefor on the property. Appellant claims that unbeknownst to her the judgment of foreclosure was entered in March, 1971 by default. Her house was sold under the judgment for an amount just sufficient to pay the $41 balance due on the mortgage and the costs of the action. The total price paid on the sale was $3,505. On May 6, 1971, the day following the recordation of a Referee's deed, an application was made by the purchaser to remove appellant and all others in possession from the premises. In opposing the application appellant traversed the service of the summons. At the hearing which ensued, the attorney for plaintiff testified that he gave the summons to plaintiff's husband, who was a contract vendee of the premises, with instructions to serve it on appellant and to explain to her that the summons was intended only to clear the title. Plaintiff's husband was dead at the time of the hearing. In light of the foregoing, we hold that the service of process was made on a representation that was not true, i.e., that the foreclosure was merely to clear title. " An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * * The notice must be of such nature as reasonably to convey the required information * * * and it must afford a reasonable time for those interested to make their appearance " (Mullane v. Central Hanover Trust Co., 339 U. S. 306, 314). Moreover, in view of appellant's advanced age and lack of experience and understanding, we are of the opinion that she was lulled into a false state of security (see, e.g., Bulkley v. Bulkley, 6 Abb. Prac. 307; cf. Petersen v. Vane, 57 Cal. App. 2d 58). Thus, we find that the service of process was invalid and that the order of possession, consequently, was made without jurisdiction. Hopkins, Acting P. J., Munder, Shapiro, Gulotta and Benjamin, JJ., concur.