## (June 10, 1974)

■ ALICE CRUZ, Appellant, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to compel the respondent Commissioner of the Department of Social Services of the State of New York to reconsider his determination, rendered after a statutory fair hearing, affirming a grant reduction by the respondent Commissioner of the Department of Social Services of the City of New York, or, in the alternative, to annul said determination, petitioner appeals from a judgment of the Supreme Court, Kings County, entered November 29, 1973, which dismissed the petition. Judgment reversed, on the law, without costs, and matter remanded to respondent Commissioner of the State agency for a new hearing and a new determination. The new hearing shall proceed upon a notice setting forth the proper charges that appellant will have to meet. A notice that a welfare recipient's grant is to be reduced is required by regulation to inform the recipient "of the issues which are to be the subject of the hearing" (18 NYCRR 358.11 [e]). Notice to a recipient which specifies the wrong charge as the basis of a welfare grant reduction does not comply with the regulatory standard or the constitutional standards of due process, because "even in [the administrative] forum no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged" (*Matter of Murray* v. *Murphy*, 24 N Y 2d 150, 157 [bracketed matter supplied]). The notice which petitioner received that her grant was to be reduced stated the reason therefor as "rent duplication" (18 NYCRR 352.7 [g] [1]), but at the hearing this basis for the reduction was changed to "rent advancement" (see 18 NYCRR 352.7 [g] [7]). Permitting such an amendment deprived petitioner of notice and consequently of constitutionally required due process (cf. *Goldberg* v. *Kelly*, 397 U. S. 254). Petitioner was further deprived of due process by the procedure followed in reviewing her fair hearing and rendering a decision based on the fair hearing. Were it not called into question by respondents, we would think it beyond dispute that a decision could not be rendered properly by the Commissioner of the State agency on the basis of evidence elicited at a hearing before another person, when the Commissioner had not heard or read an exact rendition of the testimony at the hearing. A review of a hearing is not accomplished by a review of notes taken during the hearing. While the Commissioner of the State agency may base his ultimate decision upon the recommendation of a hearing officer, he may not depend upon the hearing officer's view of the evidence (18 NYCRR 358.18; *Patton* v. *Sugarman*, N. Y. L. J., Nov. 30, 1973, p. 16, col. 2; see, also, *Morgan* v. *United States*, 298 U. S. 468; *Matter of Wallace* v *Murphy*, 21 N Y 2d 433; *Matter of Weekes* v. *O'Connell*, 304 N. Y. 259; *Matter of Kelly* v. *Monaghan*, 9 A D 2d 92). Gulotta, P. J., Latham, Cohalan, Benjamin and Munder, JJ., concur.