■ In the Matter of SUSAN WITH et al., Petitioners, v BERTRAM D. SARAFAN et al., Respondents.—Determination of respondents State Racing and Wagering Board, dated December 29, 1978, finding petitioners to have violated subdivision (c) of section 4109.2 and subdivision (a) of section 4119.9 of the harness rules (9 NYCRR 4109.2 [c], 4119.9 [a]) and suspending petitioners for 15 days, is modified, on the law, to the extent that the finding of the violation of subdivision (c) of section 4109.2 of the harness rules is annulled, without prejudice to a proceeding predicated upon proper notice of such claimed violation; the finding of violation of subdivision (a) of section 4119.9 of the harness rules is confirmed; the punishment of suspension of 15

days is annulled and the matter is remanded to respondents State Racing and Wagering Board for reconsideration of punishment in the light of this decision, without costs of this article 78 proceeding. Although the evidence sustained a finding of violation of subdivision (c) of section 4109.2 of the harness rules, the original notices of suspension, which apparently served as the notices of charges in these cases, made no reference to that rule, and made no reference to the facts of the case from which violation of that rule could be inferred. The notices merely referred to three rules by number. We do not consider that the rules so mentioned by number are so substantially equivalent to subdivision (c) of section 4109.2 (forbidding a claim of a horse for an unqualified person) as to be equivalent to notice of that charge. The evidence sustains the finding of the violation of subdivision (a) of section 4119.9. We are unable to say whether the respondents would have imposed the same punishment without the finding of violation of subdivision (c) of section 4109.2. We remand the matter to respondents to consider what punishment should be imposed in the light of our decision. Concur—Kupferman, Fein, Lupiano and Silverman, JJ.

Murphy, P. J., dissents in a memorandum as follows: Presiding Judge and State Steward Avalone suspended the petitioners' licenses on June 28, 1978 for allegedly violating board rules in connection with the claiming of four harness horses. The board stayed the suspension on June 29, 1978 pending appeal. Notices of suspension, dated June 29, 1978, were mailed to petitioners. These notices set forth (1) the suspension, (2) the stay, and (3) the rules invoked, viz., subdivision (k) of section 4109.3, and sections 4111.3 and 4119.9. On August 1 and 14, 1978, a hearing was held. The hearing officer found that the petitioners had not violated subdivision (k) of section 4109.3 and section 4111.3. However, he did find violations of subdivision (a) of section 4119 and subdivision (c) of section 4109.2; he recommended a 15-day suspension. On December 29, 1978, the respondent board adopted the hearing officer's findings and imposed the 15-day suspension. In an administrative proceeding, no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged (Matter of Murray v Murphy, 24 NY2d 150, 157). The petitioners were never charged with a violation of subdivision (c) of section 4109.2 (claiming a horse for an unqualified person). Hence, it was a deprivation of due process for the board to find them guilty on this uncharged violation. As was noted above, the petitioners were also found guilty of the violation charged under subdivision (a) of section 4119.9 (committing acts detrimental to the best interests of racing). To the extent here relevant, section 301 of the State Administrative Procedure Act provides: "1. In an adjudicatory proceeding, all parties shall be afforded an opportunity for hearing within reasonable time. 2. All parties shall be given reasonable notice of such hearing, which notice shall include (a) a statement of the time, place, and nature of the hearing; (b) a statement of the legal authority and jurisdiction under which the hearing is to be held; (c) a reference to the particular sections of the statutes and rules involved, where possible; (d) a short and plain statement of matters asserted. Upon application of any party, a more definite and detailed statement shall be furnished whenever the agency finds that the statement is not sufficiently definite or not sufficiently detailed. The finding of the agency as to the sufficiency of definiteness or detail of the statement or its failure or refusal to furnish a more definite or detailed statement shall not be subject to judicial review. Any statement furnished shall be deemed, in all respects, to be a part of the notice of hearing." For purposes of discussion, the notices of suspension will be treated as the notices of hearing mandated by section 301 of the State

Administrative Procedure Act. The notices of suspension did not contain a short and plain statement of those matters alleged to be in violation of subdivision (a) of section 4119.9. In fact, those notices did not contain any statements about the pending charges. Since the petitioners were not apprised of the conduct that formed the basis for the purported violation of subdivision (a) of section 4119.9, it was impossible for them to prepare an adequate defense to that charge. (Cf. *Cruz v Lavine,* 45 AD2d 720.) While the petitioners never asked for bills of particulars, the respondent board had the primary responsibility of giving adequate notice of the charges. Its dereliction in that regard resulted in a deprivation of due process and warrants an annulment of the board's determination. In closing, another comment should be made. Subdivision (a) of section 4119.9 should not be indiscriminately used as a "catch-all" provision. If a licensee has violated a particular rule, he should be charged with a violation of that rule rather than with a violation of subdivision (a) of section 4119.9. In this proceeding, we all agree that petitioners cannot be found guilty on the uncharged violation of subdivision (c) of section 4109.2. Nonetheless, the majority would reach the rather anomalous result of sustaining the determination of guilt under subdivision (a) of section 4119.9 on the basis of conduct that essentially constituted the uncharged violation of subdivision (c) of section 4109.2. A confirmance on that ground would seem to be both inconsistent and unfair. Accordingly, I would annul the board's determination, dated December 29, 1978, in its entirety and I would grant the board leave to renew the hearing upon service of a proper set of charges.