■ THOMAS A. VITRO, Petitioner, v JOHN J. HANLON et al., Individually and Constituting the Board of Police Commissioners of the Town of Mamaroneck, Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Police Commissioners of the Town of Mamaroneck, dated January 30, 1979, which, after a hearing, found petitioner guilty of certain charges, and imposed penalties. Petition granted to the extent that the determination is modified, on the law, by deleting therefrom the finding of guilt as to the charge of illegal use of motor vehicle license plates and the penalty imposed with respect to said charge as well as the penalty imposed with respect to the charges of lack of co-operation and conduct inconsistent with disability status. As so modified, determination confirmed, proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remanded to the respondents for the imposition of a proper penalty with respect to said charges. We find that there was substantial evidence to support the finding of guilt with respect to the charges of lack of co-operation and conduct inconsistent with disability status. The penalty imposed with respect to these charges—the performance of seven extra tours of duty—was, however, beyond the permissible penalties prescribed by the relevant statute (L 1936, ch 104, § 7; cf. *Matter of Fitzmaurice v Moses,* 12 AD2d 304, app dsmd, 12 NY2d 884). Hence, though we confirm the finding of guilt, the penalty imposed must be annulled, and the matter remanded to the respondents for the imposition of a proper penalty (cf. *Matter of Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874). We do not find that there was substantial evidence to support the finding of guilt with respect to the charge of illegal use of motor vehicle license plates. There was no showing that petitioner had actually operated the motor vehicle with the questionable plates attached. Hence, the determination as to this charge must be annulled. Mollen, P. J., Hopkins and Lazer, JJ., concur.

Mangano, J., dissents in part and concurs in part, with the following memorandum, in which Titone, J., concurs. Petitioner, a sergeant in the Police Department of the Town of Mamaroneck, Westchester County, was charged before the town board of police commissioners (board) with illegal use of motor vehicle license plates, lack of co-operation and conduct inconsistent with disability status. I agree with the majority that the board's determination as to the first charge was not supported by substantial evidence and should be annulled. I also agree that the finding of guilt as to the remaining two charges was supported by substantial evidence. My concurrence with the majority on this latter issue is dictated by the "practical test" laid down in *300 Gramatan Ave. Assoc. v State Div. of Human Rights* (45 NY2d 176). The Court of Appeals there held that (p 181): "whether the proof is 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably', is found in measuring the evidence against the standard of sufficiency such as to require a court to submit it as a question of fact to a jury *(Matter of Stork Rest. v Boland,* 282 NY 256, 273, *supra; Erin Wine & Liq. Store v O'Connell,* 283 App Div 443, 446-447, affd 307 NY 768, *supra)."* Nevertheless, I am convinced that concerning the latter two charges petitioner's due process rights were violated. The board's finding of guilt on these charges was not based on the factual allegations set forth in the "Notice and Charges". I therefore vote to

annul the determination in its entirety, set aside the penalties imposed and, as to the charges concerning lack of co-operation and conduct inconsistent with disability status, remand the matter to the board for a new hearing in accordance with the views expressed herein. Consequently, it is unnecessary to reach the issue of improper penalties, though if I did, I would concur with the majority on that point. On or about September 13, 1978, petitioner, Sergeant Thomas Vitro, was served with a notice that a disciplinary hearing would be convened by the Board of Police Commissioners of the Town of Mamaroneck to consider and determine certain charges preferred against him by Robert M. Barasch, Chief of Police. At the same time the petitioner was served with a copy of the charges, which read in relevant part: "Thomas A. Vitro * * * on August 21, 1978, reported to Police Chief Robert M. Barasch that he could no longer go on tours of police duty for the Town of Mamaroneck in as much as he has been advised by his doctor * * * not to work until September 11, 1978. * * * Sergeant Vitro was subsequently found to be *working for a business* known as Larchmont Appliance at 141A Larchmont Avenue, Larchmont, New York. The business of Larchmont Appliance is plumbing repairs. On information and belief, Sergeant Thomas A. Vitro has been *working for this organization* for a period of several weeks prior to August 21 and subsequent thereto. * * * At the same time and places * * * he worked at Larchmont Appliance at the plumbing trade". (Emphasis added.) After a hearing, at which petitioner was represented by counsel, the board rendered a written decision, dated January 30, 1979. The board therein concluded: "The evidence shows that he [petitioner] was physically active about the premises [of 141A Larchmont Avenue] and went out on calls with the proprietor. *Whether he was paid or was 'working' for the plumbing establishment is not essential.* Persons in the community and members of the force aware of his medical excuse understandably would suspect him of cheating the Department." (Emphasis added.) No matter how this court or the board may define "working", whether it is confined to the employment for pay or may include voluntary service, it is obvious that the board never found, and did not consider it necessary to find, that the petitioner was "working." Instead, the board concluded that petitioner's activity with regard to Larchmont Appliance might lead the public and fellow officers to suspect he was cheating the department. In other words, petitioner was found guilty of giving the appearance of working. The board, therefore, never made a finding of guilt based on the charges for which petitioner was given notice, upon which the hearing was apparently conducted and against which petitioner made his defense, but, *sua sponte,* fashioned a completely distinct charge and made a finding thereon. "In a disciplinary proceeding petitioner is entitled to all of the essential elements of a fair trial *(Matter of Sowa v. Looney,* 23 N Y 2d 329; *Matter of Hecht v. Monaghan,* 307 N. Y. 461; *Matter of Shields v. Hults,* 21 A D 2d 745)" *(Matter of Heckt v City of Lackawana,* 44 AD2d 763).[1] One of the essential elements of a fair trial is that the party whose rights are being determined must be fully apprised of the claims or charges by the opposing party *(Matter of Bateman v City of Ogdensburg,* 55 AD2d 781; see, also, *People ex rel. Flores v Dalsheim,* 66 AD2d 381, 387). "The first fundamental

---

1. See, also, section 301 of the State Administrative Procedure Act. Although not binding on the town board, its provisions reflect the sound standards of administrative procedure developed in this State and Nation since their founding through constitutional, statutory and case law. (State Administrative Procedure Act, § 100; see, also, *Matter of With v Sarafan,* 70 AD2d 830, 831, dissent by Murphy, P. J.)

of due process is notice of the charges made. This principle equally applies to an administrative proceeding for even in that forum no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged. *(Matter of Ruffalo,* 390 U S 544; *Matter of Shapiro v. Board of Regents,* 16 N. Y. 2d 783; *Matter of Hecht v. Monaghan,* 307 N. Y. 461, 473-474; *Cole v. Arkansas,* 333 U. S. 196; *Lloyd Sabaudo Societa v. Elting,* 287 U. S. 329, 339-340.)" *(Matter of Murray v Murphy,* 24 NY2d 150, 157.) The party charged has a right to assume that the hearing will be limited to the charges made. He and his attorney are entitled to prepare for the hearing in reliance that at its conclusion the charges will not be switched and a decision made on substituted charges *(Matter of Murray v Murphy,* supra, p 157; see, also, *Cruz v Lavine,* 45 AD2d 720). In the case at bar, the petitioner was charged with "working" while on sick leave, but, in essence, was only found to have given the appearance of working. This resulted in a prohibited switch of the original charges. Thus, although the board's finding was supported by substantial evidence, it was made in violation of petitioner's due process rights. Accordingly, I dissent in part, concluding that a new hearing is required.[2]

---

2. I am also of the opinion that if there were a new hearing in this matter, fairness would require that the term, "working" be defined with greater specificity, so that petitioner might receive an adequately detailed notice of the charges against him. *(Goldberg v Kelly,* 397 US 254, 267; *Mullane v Central Hanover Trust Co.,* 339 US 306, 314; *Brown v Giesecke,* 40 AD2d 1009.)