■ In the Matter of BALBINA COLON, Individually and on Behalf of Her Infant Children, MARTIN COLON and Another, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a

determination of the respondent State Commissioner of Social Services, dated February 21, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency reducing petitioner's grant of assistance in the category of aid to dependent children in order to recoup overpayments. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to return any sums which may have been withheld. A recipient of public assistance must have timely and adequate notice regarding a proposed discontinuance of assistance, including details of the reasons for the proposed action (18 NYCRR 358.8 [a]); the notice must also inform the recipient of the issues which are to be the subject of the hearing (18 NYCRR 358.11 [e]). A notice specifying the wrong charge as the basis for a reduction in benefits does not comply with the regulatory standard, nor with the constitutional standards of due process (see *Cruz v Lavine,* 45 AD2d 720). The notice of intent to reduce public assistance received by petitioner stated that the reason therefor was "Recovery of overpayment" due to petitioner's daughter being away at school, and thus there was a reduction of persons in the household eligible for public assistance. At the commencement of the hearing, it became evident that the ground for recoupment was petitioner's willful withholding of the above information, including the fact that the daughter was in receipt of a full scholarship at the school. The commissioner's determination was based on the willful withholding of information. Thus, the notice lacked specificity and failed to adequately advise petitioner of the issues which were the subject of the hearing. As such, the notice was violative of petitioner's rights to due process of law. We note further that needy children may not be penalized by loss of public assistance on the basis of their parents' conduct; it was improper to reduce assistance directed to the dependent child without a demonstrated corresponding decrease in the child's need (see *Matter of Gunn v Blum,* 48 NY2d 58, 63; *Matter of Brennin v Kirby,* 79 AD2d 396). Titone, J.P., Gulotta, Cohalan and O'Connor, JJ., concur.