■ In the Matter of LUANN MIDDLETON, on Behalf of Herself and Her Infant Child, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the respondent State Commissioner of Social Services, dated May 19, 1980 and made after a statutory fair hearing, as "affirmed" the local agency's decision to budget petitioner's current income and to recoup overpayments based on petitioner's willful failure to inform the agency of receipt of a lump-sum grant of Social Security benefits. Petition granted to the extent that the determination is annulled insofar as reviewed, on the law, without costs or disbursements, and respondents are directed to restore any benefits that may have been withheld. In February, 1980 petitioner received a lump-sum payment of benefits from the Social Security Administration in an amount in excess of $2,000. She inquired and was told by Social Security representatives that they

would inform the Nassau County Department of Social Services of her grant, which they did at approximately the same time that petitioner received the money. At her recertification visit on March 21, 1980, petitioner told her case worker of the grant and showed him checks to verify how most of the money had been spent. On or about March 24, 1980, petitioner received a letter from the local agency entitled "Notice of Intent to Discontinue Public Assistance". The notice read: "This is to advise you that this department intends to DISCONTINUE your Public Assistance grant on April 4, 1980 for the following reason(s): 1. You are in receipt of a lump sum award from Social Security disability which is sufficient to meet your needs for at least six months. 2. You must disclose how you are insured with Social Security when your records shows [sic] no ongoing or steady employment since 11/1/71. A referral to the District Attorney will be made." The notice made no mention of either recoupment or failure to inform the agency of her lump-sum award. A hearing was requested and held on April 30, 1980. At the hearing it was revealed that petitioner had worked for a period of about nine months in 1977 and 1978, and that the agency had known of this employment. Upon reviewing all of the testimony, particularly that of the local agency's representative, the major issue at the hearing was as described in the notice, that is, the discontinuance of petitioner's grant because of her failure to inform the local agency of how she qualified for Social Security benefits, although there was no testimony indicating that, prior to the notice of discontinuance for her failure to supply the information, the local agency had ever requested the information. In a decision dated May 19, 1980, the State Commissioner stated, inter alia: "The determination of the agency as to discontinuance is not and cannot be affirmed. The determination of the agency as to reduction to budget current income and recoup overpayments is affirmed." The decision further stated that this recoupment was based upon petitioner's willful withholding from the local agency of information regarding the receipt of the lump-sum award. The determination as to recoupment cannot stand. There is nothing in the record tending to show that the local agency ever made any decision to reduce and recoup such as the State commissioner's determination attempts to affirm, or that petitioner was ever told of such a decision. Clearly the notice of intent to discontinue did not inform petitioner that recoupment was sought and that withholding of information was the charge. A notice specifying the wrong charge as a basis for reduction in benefits does not comply with the State commissioner's regulations nor with constitutional standards of due process (Matter of Colon v Blum, 81 AD2d 637; Cruz v Lavine, 45 AD2d 720). Contrary to the contentions of the State commissioner, the hearing did not apprise petitioner of the local agency's real complaint and planned action (cf. Matter of White v D'Elia, 80 AD2d 874), but, in fact, all parties treated the hearing as one for discontinuance, not recoupment, based on petitioner's inclusion in the Social Security system, not her failure to notify. Consequently, the determination as to recoupment is not based on substantial evidence in the record. Neither can it be said that a determination of petitioner's willful failure to notify was based on substantial evidence when the question was actually touched on only peripherally and petitioner gave a perfectly plausible explanation for her misunderstanding. Further, the local agency did not even attempt to follow the appropriate regulations with respect to showing willful withholding of information (see Matter of Curry v Blum, 73 AD2d 965). Petitioner's request for attorney's fees is denied (see Matter of Brennin v Kirby, 79 AD2d 396). Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.