■ In the Matter of WANDA SANTIAGO, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al.,

Respondents. — Determination of respondent State Commissioner of Social Services, dated July 8, 1981, after fair hearing, suspending petitioner's qualification to receive public assistance for 30 days, is annulled, on the law, without costs. Petitioner has been disqualified from receiving public assistance for failure to accept manpower services, i.e., failure to report to the Public Works Project conference section for referral for work relief, if appropriate. But the notice of intent to discontinue her grant gave as the reason for the proposed discontinuance increased earnings of petitioner or her spouse. At the "fair hearing" the agency representative unilaterally announced that "we are amending" the notice of intent to state as the ground, failure to report. Nobody asked petitioner whether she consented to the amendment, whether she was prepared to go ahead on that amendment, or whether she needed some time to prepare. We do not think that what happened at the hearing can fairly be interpreted as a consent, much less an understanding consent by the petitioner to the amendment. It is true that petitioner had with her at the hearing a note from a doctor, which suggests that she had some inkling that the matter of her failure to report for interview was coming up. But at least in the case of a lay person who does not appear to be particularly sophisticated or well educated and who is not represented by counsel, we think it must more clearly be shown that petitioner had adequate notice of the ground of the proposed discontinuance of the grant before the hearing, or of her intelligent waiver of further notice. "Notice to a recipient which specifies the wrong charge as the basis of a welfare grant reduction does not comply with the regulatory standard or the constitutional standards of due process, because 'even in [the administrative] forum no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged' (*Matter of Murray* v. *Murphy,* 24 NY2d 150, 157 [bracketed matter supplied]). The notice which petitioner received that her grant was to be reduced stated the reason therefor as 'rent duplication' (18 NYCRR 352.7 [g] [1]), but at the hearing this basis for the reduction was changed to 'rent advancement' (see 18 NYCRR 352.7 [g] [7]). Permitting such an amendment deprived petitioner of notice and consequently of constitutionally required due process (cf. *Goldberg* v. *Kelly,* 397 U. S. 254)." (*Cruz v Lavine,* 45 AD2d 720; accord *Matter of Colon v Blum,* 81 AD2d 637, 638.) Concur — Carro, Asch and Silverman, JJ.

Ross, J. P., dissents in a memorandum as follows: A majority of this court has found that petitioner did not have adequate notice of the reason for the suspension of her public assistance, nor did she effectively waive such notice. Under the facts of this case, I cannot concur in that determination and vote to confirm the determination of the State Commissioner of Social Services. Petitioner was required to report for an interview on March 26, 1981. When she failed to appear at that appointed date, the agency sent petitioner a notice to discontinue her benefits. It was later discovered that an incorrect basis for this action was set forth in the notice. However, at the subsequent hearing petitioner produced a note from her doctor indicating that she failed to appear for the interview because of illness. It can, therefore, be seen that petitioner had advance knowledge as to the actual reason for the agency's action. Petitioner was prepared to defend her conduct and cannot now claim surprise. In addition, the notice as received by petitioner contemplated a permanent discontinuance, a more severe penalty than a suspension of benefits for 30 days as was eventually imposed. A reading of the transcript indicates that petitioner was aware of the charge against her and her actions in defending this lesser charge indicate that she did indeed have adequate notice and was prepared to and did present her case, although unsuccessfully, at the agency hearing.