■ In the Matter of CHANTALE LASH, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated November 21, 1980 and made after a statutory fair hearing, which modified, and thereupon affirmed, a determination of the local agency to reduce petitioner's grant of public assistance in the category of Aid to Dependent Children in order to recoup overpayments. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and respondents are directed to restore the benefits in question. The matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith. By check dated November 6, 1978, petitioner's husband received a lump-sum award of $966.55 in retroactive *workers'*

*compensation* benefits from the Aetna Insurance Co. According to the petitioner, she notified her local agency of the award several days later by personally leaving a copy of the notice and the accompanying check in an envelope addressed to her caseworker, but because the office was closed she left the envelope on a pile of mail on the floor of the building by the door. Subsequently she received a "NOTICE OF INTENT TO REDUCE PUBLIC ASSISTANCE" dated November 22, 1978, informing her that she had fraudulently failed to notify the agency that her husband was receiving New York State *disability* payments and that the agency intended to recoup an alleged overpayment of $970.05. At the ensuing fair hearing, the local agency offered into evidence, *inter alia*, a copy of the notice concerning the retroactive *workers' compensation* payments, but no proof regarding the alleged receipt of *disability* payments. Notwithstanding a contrary recommendation by the hearing officer, the State commissioner ultimately determined to sustain the determination of the local agency, but reduced the amount to be recouped from $970.05 to $966.55. The commissioner found that while petitioner's husband had never received *disability* payments, he had, in fact, received some $966.55 in retroactive *workers' compensation* benefits on November 6, 1978 which were used to repay a personal loan, and that the petitioner had willfully withheld information concerning the receipt of this money until November 23, *1979*. The determination must be annulled. It is fundamentally inconsistent with the proof adduced at the fair hearing, since the established basis for the agency's action in initiating the recoupment was its receipt of a copy of the notice from the affected compensation carrier to petitioner's husband regarding the retroactive payment of workers' compensation benefits. Since the notice of intent to reduce assistance is dated November 22, *1978*, it is clear that the agency must have received its copy of this notice sometime prior thereto, and inasmuch as the agency could not account for its receipt of that notice, the only reasonable inference to be drawn from the record is that the petitioner had, as she testified, provided the agency with a copy thereof sometime in November of *1978*. Accordingly, the State commissioner's determination that the petitioner had withheld that information until November 23, *1979* is totally unsupported by the record, and her further determination that the petitioner had *willfully* withheld that information is not supported by substantial evidence (see *Matter of Henny v Weinberg,* 80 AD2d 831). Moreover, in the absence of proof of a *willful* withholding of information, recoupment could only be ordered under the then-applicable regulations of the New York State Department of Social Services where a recipient had at his or her disposal "currently available income or resources, exclusive of the current assistance payment" (18 NYCRR 352.31 [d] [1] [ii]). Here, however, the only such qualifying resource was the $966.55 in retroactive workers' compensation benefits, which promptly ceased to be an available resource when they were used to repay a personal loan. Recoupment was therefore improper on this basis as well. We note in passing that the State commissioner has failed to establish that the petitioner was adequately apprised of her continuing duty to report changes in her income (cf. *Matter of Curry v Blum,* 73 AD2d 965), and that the notice of intent to reduce assistance specified a different ground than that ultimately relied on by the State commissioner in sustaining the recoupment, to wit: that the petitioner's husband had received unreported *disability* payments, as opposed to unreported *workers' compensation* benefits (see *Matter of Colon v Blum,* 81 AD2d 637; *Matter of Middleton v D'Elia,* 87 AD2d 821). "A notice specifying the wrong charge as the basis for a reduction in benefits does not comply with the regulatory standard, nor the constitutional standards of due process" (*Matter of Colon v Blum, supra,* p 638). In addition, the notice failed to recite the specific regulations supporting the actions taken (see *Matter of Regan v D'Elia,*

82 AD2d 890). Finally, in the context of Aid to Dependent Children, the New York courts have consistently held that parents' misconduct may not be used to deprive their minor children of the assistance to which those children would otherwise be entitled without a prior finding of a lack of need on their part (see *Matter of Gunn v Blum,* 48 NY2d 58; *Matter of Regan v D'Elia, supra; Matter of Gutierrez v Blum,* 73 AD2d 690). Manifestly, no such finding was made in the instant case prior to the decision to recoup (see *Matter of Gutierrez v Blum, supra*). Inasmuch as the petitioner has been successful on her claim, which is cognizable under section 1983 of title 42 of the United States Code, the case must be remitted to Special Term to afford respondents an opportunity to demonstrate whether special circumstances exist which would bar an award of counsel fees (see US Code, tit 42, § 1988; *Matter of Johnson v Blum,* 58 NY2d 454) and, if not, to fix a reasonable fee in accordance with the guidelines set forth in *Matter of Rahmey v Blum* (95 AD2d 294). Mollen, P. J., Gulotta, O'Connor and Rubin, JJ., concur.