■ In the Matter of DOROTHY REVIS, on Behalf of Her Granddaughter, SHATIKA REVIS, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated

March 19, 1982 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's grant of Aid to Families with Dependent Children (hereinafter AFDC). ¶ Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, petitioner's grant is reinstated and she is awarded all public assistance withheld from her pursuant to the determination dated March 19, 1982, and the matter is remitted to the Commissioner of the Nassau County Department of Social Services to commence a support proceeding, in the Family Court, Nassau County, against Yvonne Revis pursuant to subdivision 1 of section 102 of the Social Services Law. ¶ By order of the Family Court, Nassau County (Collins, J.), entered August 22, 1980, custody of Shatika Revis was awarded to petitioner, her maternal grandmother. In late 1981, Shatika's mother, Yvonne, moved back into the household. Although Yvonne was employed and earning approximately $100 per week, she refused to in any way support her daughter. ¶ On December 4, 1981, the local agency notified petitioner that it intended to discontinue the AFDC benefits on behalf of Shatika effective December 14, 1981, on the ground that the income of a legally responsible relative, who was residing in the same household as the recipient, was available for her support. Petitioner requested and was granted an administrative hearing to challenge the agency's determination. In her decision after fair hearing, the State commissioner confirmed the agency's determination, finding that "[t]he record and credible evidence establish that Yvonne is legally responsible for the support of her daughter Shatika". The commissioner further noted that Yvonne could reapply for public assistance on behalf of herself and her daughter in the event that her income was insufficient. Petitioner thereupon commenced the instance proceeding pursuant to CPLR article 78 on behalf of Shatika Revis seeking review of the aforesaid decision. ¶ The decision to discontinue petitioner's grant of AFDC is inconsistent with the tenet enunciated by the Court of Appeals that discontinuance of a grant on the basis of categorical ineligibility must be prefaced by a demonstrated lack of need (*Matter of Gunn v Blum,* 48 NY2d 58; accord *Matter of Lash v Blum,* 97 AD2d 515, 517). Said tenet is premised upon the following policy considerations: "First, in view of the primary goal of the AFDC program, protection of the needy child, any reduction in assistance directed to a dependent child without a corresponding decrease in that child's need, plainly thwarts the purpose of the program * * * Second, while we recognize the department's obligation to preserve the public fisc by compelling recipients of public assistance to utilize their own resources for their support, we are persuaded that there are alternative means available to accomplish that objective without resorting to terminating aid to needy children. The department can * * * discontinue benefits to the culpable parent while continuing assistance to the innocent children * * * A second possible option available to respondents would be to institute support proceedings in Family Court to compel the parents to apply their assets to the support of the child" (*Matter of Gunn v Blum, supra,* pp 64-65). Accordingly, public policy mandates that the commissioner's determination confirming the termination of AFDC benefits on behalf of the infant, Shatika Revis, be annulled inasmuch as there has been no demonstrated lack of need in the instant case. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.