Matter of Pearl v Imhof (2018 NY Slip Op 08024)





Matter of Pearl v Imhof


2018 NY Slip Op 08024


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-10857
 (Index No. 3783/16)

[*1]In the Matter of Cassandra Pearl, petitioner,
v
John E. Imhof, etc., et al., respondents.


Nassau/Suffolk Law Services Committee, Inc., Hempstead, NY (Douglas Ruff of counsel), for petitioner.
Barbara D. Underwood, Attorney General, New York, NY (Andrew W. Amend and David Lawrence III of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Office of Temporary and Disability Assistance dated March 16, 2016. The determination, after a fair hearing, affirmed a determination of the Nassau County Department of Social Services discontinuing the petitioner's public assistance benefits.
ADJUDGED that the petition is granted, on the law, with costs, the determination dated March 16, 2016, is annulled, and the respondents are directed to restore the petitioner's public assistance benefits retroactive to the date of their termination.
The petitioner was a recipient of public assistance benefits. On June 16, 2015, the Nassau County Department of Social Services (hereinafter the agency) sent the petitioner a notice of decision to discontinue her public assistance benefits, stating that she willfully and without good reason failed to comply with employment requirements by being "terminated" from a mandatory training program. On March 16, 2016, after a fair hearing, a designee of the Commissioner of the New York State Office of Temporary and Disability Assistance affirmed the agency's decision. The petitioner commenced this CPLR article 78 proceeding to review that determination.
"A local agency may not discontinue a recipient's public assistance benefits unless the recipient's failure to comply with one of the department's work rules is found to be willful and without good cause" (Matter of Dost v Wing, 16 AD3d 497, 497; see Social Services Law § 341[1]). A social services agency is required to provide an individual whose public assistance benefits are being discontinued with written notice that includes "the specific instance or instances of willful refusal or failure to comply without good cause" with employment requirements (Social Services Law § 341[1][b]). "A notice specifying the wrong charge as the basis for a reduction in benefits does not comply with the regulatory standard, nor with the constitutional standards of due process" (Matter of Colon v Blum, 81 AD2d 637, 638).
Here, the petitioner correctly contends that the agency's notice was defective because [*2]it did not include any specific instances of her willful refusal without good cause to cooperate with the employment training program (see Social Services Law § 341[1][b]). Additionally, at the fair hearing, the agency offered evidence that the petitioner submitted a falsified timesheet indicating that she continued to attend training after her participation in the program was terminated, a charge not included in the notice. Accordingly, because the notice lacked specificity and failed to adequately advise the petitioner of the issues which were the subject of the hearing, the notice violated the petitioner's right to due process of law (see Matter of Colon v Blum, 81 AD2d at 638).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court